UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK ___x

MATTHEW JOHN MATAGRANO,

                        Plaintiff,


            - us -                                    SUPPLEMENTAL
                                                      COMPLAINT,
                                                      Purs. Rule 15(D) F.R.C.P.

OFFICE OF MENTAL HEALTH; REGINA
MILES, MD; ROBERT CARR ; ANN                          9:05 cv 1459 (DNH/RFT)
ANDZEL; CHRISTINE ; JOHN DOE-
n/k/a ANTHONY DEVETO; JOHN DINARDO;                   TRIAL BY JURY
                                                      DEMANDED
PATRICK ; CINDY LAW.
                                                      Pro-se
                        Defendants. x


        PLEASE TAKE NOTICE that, this is a supplemental pleading
to the Amended Complaint Filed in this Court on or
about December 2, 2006. Pursuant to Rule 15 (d) F.R.C.P.


                    PRELIMINARY STATEMENT

        This is a civil rights action Filed by Matthew John
Matagrano, a mentally ill and physically disabled prisoner
For damages, injunctive and declatory relief under
42 U.S.C. § 12101 et. seq., as amended ; Section 504 of
the Rehabilitation Act of 1973, 29 U.S.C. § 794 ; and
42 U.S.C. § 1983 · alleging discrimination against the plaintiff's
physical and mental disability ; retaliation against the plaintiff
For excercising his rights under the American's With Disabilites

05 CV 1459 (DNH/GJD)

Act; For the denial of reasonable accommodations for a bi-lateral hearing impairment; For defendant's using the confiscation of his auxilary aids as a retalitory punishment; For denial of adequate mental health care; For denial of medical care for a serious medical need; For the willfull, causal, unjustified violation of the plaintiff's right to medical privacy and confidentiality. At all times mentioned the defendant's acted in bad faith, acted with malice and were deliberately indifferent. Plaintiff further alleges as follows:

<u>JURISDICTION AND VENUE</u>

This is a civil rights action seeking relief and damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. Sect 12101, et seq.; Section 504 of the Rehabiliation Act of 1973, 29 U.S.C. Sect 794 and 42 U.S.C. Sect. 1983. The court has jurisdiction over this action pursuant to 28 U.S.C. Sect 1331, 1343 (a)(1)(2)(3) and 2201. The court has further jurisdiction of plaintiff's state tort actions pursuant to 28 U.S.C. Sect. 1367 (a).

Venue is proper in this District pursuant to 28 U.S.C. Sect 1391 (b)(2) due to the majory of the events giving rise to the causes of action herein occured at the Central New York Psychiatric Center in the Town of Marcy, County of Oneida, in the State of New York located in the territoriel region of the U.S. District Court for the Northern District of New York.

SUPPLEMENTAL COMPLAINT - 05 cv 1459 (CDNH/RFT)

155) On or about November 23, 2005 plaintiff
for the third consecutive day requested to speak
with Dr. Regina Miles, md ; Mr. Robert Carr ; Ms.
Cindy Law, N.P. and ; Mr. Jim Burton, Unit Manager.

156) Plaintiff was never seen.

157) On or about November 23, 2005 plaintiff
submitted a hand written complaint alleging discrimination
due to his bilateral hearing impairment ; Harrassment ;
Denial of Reasonable Accommodations and that
plaintiff's hearing aids were unlawfully witheld from
him for five days. Complaint sent to U.S.
Department of Health and Human Services - Office
of Civil Rights 26 Federal Plaza Rm. 3312 N.Y.
N.Y. 10278 ATTN: Michael Carter, Regional Manager.

158) On or about November 30, 2005 , Dr. Regina
Miles discharged plaintiff to the care, custody, and
control of N.Y.S. D.O.C.S. to be returned to "
Wende".

159) Plaintiff while in transport to "Wende"
started becoming self abusive by banging his head
against the metal grate covering the window; trying to
choke himself by tying the seat belt strap around his

neck and i broke of a piece of plastic on the back of the Van Seat to cut his wrist.

160) Plaintiff was returned to C.N.Y.P.C. and held.

161) On or about December 2, 2005 Dr. Regina Miles, md again discharged plaintiff to the care custody and control of the N.Y.S. D.o.c.s. to be returned to "Wende."

162) Dr. Miles, md never spoke with plaintiff during the period of November 30, 2005 through December 2, 2005.

163) Upon returning to "Wende" on December 2, 2005 plaintiff met with Mr. David Privett Mental Health Unit Chief.

164) Plaintiff was held in the Mental Health Unit - Observation Cell area.

165) Plaintiff was not allowed his hearing aids.

05 cv 1459 (DNH/RFT)

166) Plaintiff was placed in No. 6 cell, which has plexi glass covering the entire front and back of the Observation cell.

167) Rendering it virtually impossible for plaintiff to hear anything outside of the cell.

168) On or about December 5, 2005 plaintiff was interviewed by Mr. Steve Jenks, Mr. Pat Warren, and Dr. Goreman, md.

169) It was decided that plaintiff was to be discharged to N.Y.S. D.O.C.S. and to be housed in the Special Housing Unit.

170) Plaintiff was continuously held in the Mental Health Unit - Observation cell until on or about December 12, 2005 due to the unavailabilty of a cell in the Special Housing Unit, at Wende Correctional Facility.

171) Despite being mentally cleared by the Office of Mental Health, plaintiff was denied use of his hearing aids, use of reading materials, writing materials, and any out of cell exercise.

172) Plaintiff asserts that his confinement in the Mental health Unit after December 5, 2005, Until December 12, 2005 was cruel and unsual and not an expected part of prison life, when plaintiff was only being warehoused and not in the Mental Health Unit for any security or medical need.

173) Plaintiff was further denied eating Utensils, and use of hot water in his cell while confined in the Mental Health Unit from December 5, 2005 Until December 12, 2005.

174) On or about December 12, 2005 plaintiff was transfered from the Mental Health Unit and housed in the Special Housing Unit G-37-005 at "Wende".

175) On or about December 15, 2005 plaintiff's hearing aids were returned to him in the Special Housing Unit by Mr. Steve Jenks, an employee of the N.Y.S. Office of Mental Health (hereinafter "O.M.H.")

176) Plaintiff requested to Mr. Jenks that he be given the batteries and hearing aid cases as well.

05 cv 1459 (DNH/RFT)

177) Mr. Jenks delivered these items instead to a medical nurse at the "Wende" Regional Medical Unit for their decision whether or not to issue them to the plaintiff.

178) On or about December 23, 2005 plaintiff wrote to Ms. Susan Post, Deputy Superintendent Health Services at "Wende" in regard to receiving the hearing aid cases and batteries.

179) Plaintiff never received an acknowledgement or response.

180) On or about December 27, 2005 plaintiff wrote directly to Health Services, Regional Medical Unit at "Wende" requesting replacement hearing aid batteries, and that his hearing aid cases be returned.

181) No response was received.

182) On or about December 29, 2005 plaintiff gave to Nurse Judy from the Regional Medical Unit his dead hearing aid batteries requesting replacement.

183) On or about December 30, 2005 plaintiff received a letter from the U.S. Department of Health

and Human Services - Office of Civil Rights regarding a letter of complaint filed on or about November 23, 2005. (See pp No. 157) (Hereinafter "U.S. DHHS")

184) The "U.S. DHHS" advised plaintiff that his complaint was being forwarded to the U.S. Department of Justice (hereinafter "DOJ") for investigation of his discrimination and harrassment allegations while at "C.N.Y.P.C."

185) On or about January 1, 2006 plaintiff wrote the Nurse Administrator at "Wende" complaining about his inability to obtain replacement hearing aid batteries and the cases.

186) On or about January 3, 2006 plaintiff filed a grievance complaint (WDE-24125-06) complaining about the inability to obtain replacement hearing aid batteries; hearing aid cases and; the denial of "OMH" to conduct private interviews, instead of "cell side" interviews in the presence) hearing of other prisoners.

187) On or about Wednesday, January 4, 2006 plaintiff received replacement hearing aid batteries from Nurse Judy during Medical doctor rounds in the

Special Housing Unit.

188) Until receiving replacement batteries, plaintiff was without hearing batteries for approximately twenty-three (23) days. Causing plaintiff suffering.

189) On or about January 10, 2006 plaintiff wrote a letter of complaint to Ms. Shanetta Brown Cutlar, Chief - Special Litigation Section Civil Rights Division U.S. DOJ Patrick Henry Building Rm 5114 601 D. Street, N.W. Washington, DC 20004.

190) Plaintiff complained of the conditions of the Mental Health Unit; The continuing difficulty in obtaining reasonable accommodations at Wende; and the confidentiality violations of "OMH" staff at "Wende".

191) On or about January 10, 2006 plaintiff wrote to Ms. Ann Andzel, Corrections Counselor at "Wende". Requesting reasonable accommodations while in the Special Housing Unit. ie, amplified head set.

192) On or about January 12, 2006 plaintiff requested to Dr. Shane Hutton, Phd to have his "OMH" interview in private to maintain confidentality.

193) Plaintiff's request was denied.

194) On or about January 17, 2006 plaintiff received the response of the Inmate Grievance Resolution Committee concerning the grievance filed on or about January 3, 2006. (No. WDE-24125-06) Allegations denied. (pp No. 186)

195) Plaintiff appealed to the Superintendent.

196) On or about January 17, 2006 plaintiff wrote to Director, Health Services "N.Y.S. D.O.C.S." complaining of not being able to obtain timely reasonable accommodations from Health Services - Regional Medical Unit at "Wende".

197) No response was ever received.

198) On or about January 19, 2006 in accordance with "N.Y.S. D.O.C.S." Directive No. 2612 entitled 'Inmates with Sensorial Disabilites' plaintiff appealed the tacit denial of his request for reasonable accommodations in the Special Housing Unit to the Facility Superintendent. (pp No. 191)

199) On or about January 20, 2006 plaintiff wrote a

05 cv 1459 (CDNH/RFT)

seven (7) page letter of complaint to Mr. Robert
Raymond, Acting American's with Disabilites Act
Coordinator for "N.Y.S. D.O.C.S." with regard to
plaintiff's inability to obtain hearing aid batteries;
reasonable accommodations in the Special Housing Unit;
and the continuous violations of confidentality by
"OMH." staff, for conducting interviews out in the open.

200) On or about January 20, 2006 plaintiff
received a memorandum from ms. Ann Andzel
responding to his request for reasonable accommodations.

201) Ms. Andzel granted his request. Providing
a T-Coil induction loop and a Shake awake Clock/alarm.

202) Ms. Andzel further advised plaintiff to write to the
Nurse Administrator to request a "soft pouch" to store
in his hearing aids in leiu of the hard plastic cases.

203) On or about February 2, 2006 plaintiff met
with Dr. Shane Hutton, Phd and Christopher M. Deacon,
M.D. from "O.M.H." Mental Health Unit, in the hearing room.

204) Plaintiff advised Dr. Hutton, and Dr. Deacon
that he was feeling very depressed, being self abusive
by scratching his wrists and forearms and stopped taking

his psychotropic medications.

205) On or about February 3, 2006 plaintiff received the Superintendent's decision with respect to a grievance filed on or about January 3, 2006 and appealed on or about January 17, 2006. (pp. 186 & 194).

206) The Superintendent found that

"The Investigation reveals that you requested and received hearing aid batteries on 1/7/06. There is no evidence that you requested hearing aid batteries prior to 1/7/06. Issues regarding the Office of Mental Health are considered non-grievable and any concerns regarding this agency must be addressed to the Wende C.F. Mental Health Unit Chief."

207) Plaintiff appealed to Central Office Review Committee (hereinafter "C.O.R.C.") with the following statement:

"Batteries were issued on Wednesday January 4, 2006 during the medical doctor rounds. The hearing aid cases were lost by NYS DOCS staff and have agreed to be replaced see inmate property claim # 430-0128-05. O.M.H. has been designated the agency to give

Mental health Services to inmates. Grievant is in the care, custody, and control of D.o.c.s. as such D.o.c.s. has a responsibility to ensure that grievant receive adequate mental health care. Mental health staff that violate grievant's right to confidentiality and to adequate care should be addressed by the owning facility administration. Especially in grievant's case, where he recently returned from a 90 day psychiatric committment to C.N.Y.P.C. Grievant's inability to converse with mental health practioners in a safe and secure environment is denying constitutional right to mental health care.

208) On or about February 3, 2006 plaintiff received approval from the Deputy Superintendent Administration at "Wende" for the replacement of his lost hearing aid cases. [Inmate Property Claim No. 430-0128-05]

209) On or about February 6, 2006 plaintiff was transfered to the Mental Health Unit - Observation Cell area because of suicidal ideations.

210) Plaintiff's hearing aids were taken away by "O.M.H." nursing staff in the Mental Health Unit at "Wende".

05 cv 1459 (DNH/RFT)

211) Plaintiff remained in the Mental Health Unit Observation cell (MH-OB-002) until February 22, 2006.

212) While plaintiff was confined in the mental health Unit he was deprived of his bi-lateral hearing aids; clothing; reading/writing materials; eating utensils; out of cell exercise; and hot water in the cell.

213) On or about February 22, 2006 on an emergency admission pursuant to Section 402 of the Corrections Law plaintiff was committed to the care, custody, control of "O.M.H." and hospitalized at "C.N.Y.P.C."

214) Plaintiff was transported from "Wende" without his bi-lateral hearing aids. Despite requesting them prior to leaving.

215) Upon arriving at C.N.Y.P.C., plaintiff advised "S.H.T.A." Robert Beers, Jim Jones, Norman Barnes and Nurse "Patricia" that he was sent without his hearing aids.

216) Plaintiff was admitted to Ward 402.

217) On or about February 22, 2006 at approximately 1:40 p.m. plaintiff was interviewed by Ms. Cheryl Myers,

Who was accompanied by "S.H.T.A." Stan.

218) During the interview plaintiff advised Ms. Myers
that he had been transfered to C.N.Y.P.C. Without his
hearing aids, which were still at the Mental Health
Satellite Unit at "Wende C.F."

219) Ms. Myers advised plaintiff to discuss this issue
with his assigned Social Worker.

220) On or about February 23, 2006 at approximately
10:00 a.m., in the "B" side of the "C.N.Y.P.C." treatment
mall, plaintiff met with Ms. Susan Brennan, Social Worker
who was accompanied by "S.H.T.A." Daniel Brown.

221) During this meeting, plaintiff advised Ms. Susan
Brennan that he was bi-laterally hearing impaired. And that
he arrived at C.N.Y.P.C. Without his aids.

222) Ms. Brennan advised plaintiff that when she called
the Mental Health Unit at "Wende" they did not know
where his hearing aids were.

223) Plaintiff advised Ms. Brennan that he needed his
hearing aids in order to hear the happenings in his
Surroundings, Such as in common use area's like the Ward's day room.

05 cv 1459 (DOWH/RFT)

224) On or about February 27, 2006 in the Conference room on ward 402 at "C.N.Y.P.C." Plaintiff met with the treatment team.

225) Plaintiff advised the treatment team that he was transferred to "C.N.Y.P.C." from "Wende" without his bi-lateral hearing aids.

226) Present at the team meeting was Ms. Cheryl Myers; Susan Brennan; Dr. Norman Kelly, Phd.; Ms. Ashley Williams; Mr. Steve Montrose - Unit Manager and Dr. Sarah Nelson, M.D.

227) The team as represented by Mr. Steve Montrose told plaintiff that there was some difficulties in locating the hearing aids but they would continue to follow-up.

228) On or about February 27, 2006 plaintiff received a letter from Mr. Robert Raymond dated February       , 2006 forwarded from "Wende".

229) Mr. Raymond was responding to plaintiff's letter of complaint of January 20, 2006. (pp. 199) He advised plaintiff that he was satisfied with the "investigation conducted at the facility level", and sees no evidence of his rights being violated.

230) On or about February 28, 2006 plaintiff wrote to Mr. Robert Raymond, Acting ADA Coordinator For "DOCS" advising him that plaintiff was again transfered to "C.N.Y.P.C." without his hearing aids; and that there was no investigation conducted at the facility level because the facility superintendent stated that "OmH is non-grievable through the inmate grievance program". (pp 205 & 206)

231) On or about March 1, 2006 plaintiff was given his two hearing aids by "S.H.T.A." Daniel Brown. The hearing aids had arrived with the patient mail delivery.

232) Prior to receiving his hearing aids plaintiff was forced to exist in a world of silence for seven (7) days because he was unable to participate in lesuire activites, such as television watching with other patients; group therepy where video cassettes were used as an instruction tool because no-close caption was available, plaintiff ability to hear and function was significantly frustrated.

233) Based upon information and belief, defendant Office of Mental Health ("OmH") has adopted a policy of indifference to the needs of sensorially disabled patients in their care. Repeatedly, plaintiff has been denied use of his hearing aids, reasonable accommodations,

05-cv-1459 (CDNH/RFT)

Forced to wait three - four days at a time for replacement batteries and because of such denials plaintiff has been discriminated against.

234) On or about March 2, 2006 plaintiff signed up to see the medical specialist to complain of severe tooth pain in the back and right side of his mouth since February 28, 2006.

235) Plaintiff was seen by the medical specialist who's opinion was that plaintiff had an infected and possibly impacted wisdom tooth on the right side. Plaintiff was prescribed antibiotics for the infection and 975 mg of tyelnol for pain management.

236) A dental consult for plaintiff to be seen by the Dental Clinic at St. Lukes - Faxton Hospital in Utica, N.Y. was submitted.

237) C.N.Y.P.C. does not have a dentist on the hospital grounds and relies on the dental health services of an area hospital.

238) On or about March 2, 2006, plaintiff wrote a 3 page letter to Anthony Devito, Associate Director Quality Management c/o Risk Management at "C.N.Y.P.C."

239) In his letter plaintiff requested the reasonable accommodations of close caption for the dayroom television; close caption for the television in the treatment mall when a video cassette was being used; a phone amplifier so that he could use the patient phone without having to be straining to hear and asking for the conversation to be repeated.

240) Other non-sensorially disabled patients/prisoners at C.N.Y.P.C. have the ability to watch televison in the day room, use the patient telephone at any time during 9:00 a.m. and 9:00 p.m. and participate in thereputic groups in the treatment mall.

241) Although plaintiff may have been physically present for these activites, without the requested accommodations he could not enjoy and participate in the activites and or privledges.

242) On or about March 10, 2006 after repeated complaints of severe tooth pain to psychiatric nurse Robert Henry, Nurse Brian and Nurse Terry, plaintiff was additionally prescribed 500 mg of Naproxin to be given once every ten hours for pain management.

243) On or about Saturday March 18, 2006 plaintiff complained to psychiatric nurse Chris Fullam about severe pain in his right ear, tooth pain on the right side of his mouth and fever symptoms.

244) The nurse took plaintiff's temperture at approximately 8:00 pm, it was 99.6°. Plaintiff was tested again at approximately 10:00 p.m. and it was over a 101°.

245) Plaintiff complained that the 975 mg of teyelnol with the 500 mg of Naproxin was not helping with the pain.

246) On or about March 27, 2006 plaintiff was taken to St. Luke-Faxton Hospital in Utica, N.Y. to see the dentist.

247) Unfortunately all that was done on this visit was X-rays of the wisdom tooth causing plaintiff pain and a follow up appointment for removal of the tooth at an unrevealed date/time.

248) On or about March 27, 2006 plaintiff received a response from Mr. Robert Raymond, ADA Coordinator

For "DOCS".  (pp. 230)

249) In this letter Mr. Raymond told plaintiff that
with regard to him not receiving his hearing aids
upon admission to "C.N.Y.P.C." he said " he was
advised that your hearing aids and mail were
inadvertently returned by the staff that transported
you. On 2/22/06 I was told that you have now
received them".

250) Plaintiff from March 28, 2006 through
April 10, 2006 complained daily of tooth and right
ear pain.

251) More specifically on March 30, 2006 plaintiff
spoke with the ward psychiatric nurse Robert
Henry about his request to see the medical specialist
for emergency sick call.

252) Plaintiff told Mr. Henry that the medication
previously prescribed for pain management was not
working, that he was constantly in severe pain,
that it was painfull to wear his right hearing aid
and to chew.

253) Plaintiff was told that the medical specialist would be told.

254) On or about April 6, 2006 plaintiff met with Ms. Cheryl Myers, Ms. Susan Brennan, and Mr. Steve Montrose. Also present was Ms. Ashley Williams who did not participate in the conversation.

255) Mr. Steve Montrose told plaintiff that he would be discharged back to the Department of Corrections and be placed back at "Wende".

256) Plaintiff informed everyone at the meeting that he was not receiving adequate care for his mental health problems at "Wende". He complained of the Mental Health staff violating his right to confidentality; That his request to be seen have been either ignored or untimely responded to, and that he faced both discrimination and harrassment by the correction officers at "Wende".

257) Ms. Susan Brennan told plaintiff that the "OMH" Staff at "C.N.Y.P.C." had no control over where "DOCS" placed him, nor did they have any control of other "OMH" staff at the Mental Health Satellite Unit at "Wende".

258) She further told plaintiff that she had spoken

With the clincal team at the Satellite at Wende
Correctional Facility and that they were aware of the
pending dental consult for his wisdom tooth and
that the need for follow up would be included in
his discharge summary.

259) On or about April 11, 2006 plaintiff was
discharged from "C.N.Y.P.C." and returned to the
custody care and control of "NYS D.O.C.S."

260) Upon arrival at Wende Correctional Facility
plaintiff was confined in the Mental Health Unit
Observation Cell Area.

261) Plaintiff's hearing aids were confiscated by
Nurse Lori.

262) Plaintiff was interviewed by a female medical
nurse and told her that he was taking 975 mg of
tyelnol and 500 mg of naproxin.

263) On or about April 20, 2006 plaintiff was discharged
from the Mental Health Unit and housed in the special
Housing Unit at "Wende".

264) Plaintiff had yet to receive any dental care.

265) On April 20, 2006 plaintiff wrote to the dental area at "Wende" requesting to be seen because of an impacted wisdom tooth.

266) On or about April 21, 2006 plaintiff wrote Ms. Ann Andzel, Correction Counselor, requesting reasonable accommodations while confined in the Special House Unit.

267) A letter was also sent to Mr. Christopher Zaluski, Tmc requesting reasonable accommodations.

268) On April 21, 2006 plaintiff sent a second request to dental at "Wende" requesting to be seen because of severe tooth pain.

269) It is the policy at "Wende" that any requests for dental care whether routine or emergency be made directly to the dental area.

270) On or about April 25, 2006 plaintiff sent a third request to be seen by dental, that he was experiencing severe tooth pain and pain in his right ear.

271) On or about April 25, 2006 plaintiff wrote

to the Nurse Administrator at the Regional Medical
Unit For "Wende", telling her that he had requested
emergency care from dental and that he was
expierencing severe tooth pain, pain in his right
ear and having some difficulty chewing.

272) On or about April 28, 2006 plaintiff wrote a
19 page letter of complaint to: Ms. Jayne Van Bramer,
Divison Director Office of Quality Management
New York State Office of Mental Health at 44 Holland
Avenue, Albany N.Y.

273) Plaintiff wrote concerning the poor quality or
non existent care he was receiving from the Satellite
Mental Health Unit at "Wende"; The denial of
reasonable accommodations were hospitalized at "C.N.Y.P.C,"
the confidentiality violations by "OMH" staff at
"Wende" and the denial of adequate medical care
for his wisdom tooth while at "CNYPC".

274) On or about May 1, 2006 plaintiff filed a
grievance with the Inmate Grievance Resolution
Committee at "Wende" requesting that he be seen by
dental; that the facility adopt a policy for follow-up
of pending consults when returned from "C.N.Y.P.C."

05 cv 1459 (DNH/RFT)

and that provisions be made for emergency dental care for inmates confined to Special Housing areas when warranted.

275) On or about May 1, 2006 at approximately 10:00 a.m. plaintiff was examined by Dr. William S. Mays, DDS at "Wende".

276) Dr. Mays performed minor oral surgery to remove plaintiff's bottom right wisdom tooth.

277) On or about May 2, 2006 plaintiff wrote to Superintendent Kirkpatrick at "Wende" appealing the tacit denial by Ms. Ann Andzel of plaintiff's request for reasonable accommodations in the Special Housing Unit.

278) On or about May 2, 2006 plaintiff requested to Mr. Steve Jenks from the Mental Health Unit at "Wende" if he could speak with him in the hearing room in private about his mental health care concerns.

279) Mr. Jenks advised plaintiff that he didn't have the time.

280) On or about May 4, 2006 plaintiff verbally requested to Mr. Steve Jenks, social Worker From "OMH" to be seen by Dr. Christopher M. Dekin, MD.

281) Plaintiff was relayed the message by Mr. Jenks from ~~████~~ Dr. Christopher Dekin, MD that he would see plaintiff later on in the month.

282) On May 4, 2006 plaintiff wrote a two page letter to Dr. Dekin requesting to be seen because the plaintiff has been feeling depressed, anxious and paranoid. Or in the alternative to be placed back on psychotropic medication until he can be re-evaluated at a later time.

283) Plaintiff also verbally requested to Nurse Lori that she submit an "OMH" referal to see the psychiatrist. The request was made on May 4th, 2006 at approximately 4:15 p.m. during medication pass.

284) The Continuous tacit denial of Care for plaintiff's mental disability violates plaintiff's right against cruel and unusal punishment.

# V E R I F I C A T I O N

STATE OF NEW YORK )
                        ) SS:                05-CEV-1459 (DNH|RFT)
COUNTY OF ERZE )

   I, Matthew John Matagrano, being duly sworn, deposes and says that deponent is the pro-se plaintiff in the within action; that deponent has read the foregoing Supplemental Complaint and knows the contents thereof; that the same is true to deponent's own knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters deponent believes them to be true.

Dated: May 4ᵗʰ, 2006          Respectfully Submitted,
       Alden, N.Y.

                              Matthew J. Matagrano
                              #04-A-5883
                              Plaintiff Pro-se
                              Wende Corr. Facility
                              3040 Wende Rd. P.o. Box 1187
                              Alden, N.Y. 14004-1187
                              (716) 937-4000

Sworn to before me this
4ᵗʰ day of May, 2006

M. JACQUELYEN KENNEDY
Notary Public, State of New York
Qualified in Erie County
My Commission Expires Feb. 9, 2010
                              Jacquelyn Kennedy
                              NOTARY PUBLIC

2010