UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

MATTHEW JOHN MATAGRANO,

                  Plaintiff

```
U.S. DISTRICT COURT - N.D. OF N.Y.
        FILED
       JUN 1 5 2006
AT____ O'CLOCK
Lawrence K. Baerman, Clerk - Syracuse
```

       - against -

OFFICE OF MENTAL HEALTH, et al;

               Defendants.

NOTICE OF MOTION
FOR
APPOINTMENT OF COUNSEL
28 U.S.C.A. Sect. 1915

NO. 05-CV-1459 (DNH)(RFT)

      PLEASE TAKE NOTICE that, plaintiff will make application to the Court before the Hon. Randolph F. Treece, U.S. Magistrate at the United States Court-House located at 100 S. Clinton Street, 7th Floor Syracuse, New York, on the 26th day of July, 2006, at 10:00 a.m. or soon thereafter as movant may be heard for an Order pursuant to 28 U.S.C.A. Section 1915 for the Appointment of Counsel.

Dated: June 7, 2006
      Alden, N.Y.

Respectfully Submitted,

Matthew John Matagrano
#04A5883 Plaintiff Pro-Se
Wende Correctional Facility
3040 Wende Rd. P.O. Box 1187
Alden, N.Y. 14004-1187
(716) 937-4000

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK ──X

MATTHEW JOHN MATAGRANO,

                    Plaintiff

                                        AFFIDAVIT IN SUPPORT
                                        OF MOTION
                                        FOR APPOINTMENT OF
        - against -                     COUNSEL

OFFICE OF MENTAL HEALTH, et al;      05-CV-1459 (DNH)(RFT)

                    Defendants.      ──X

STATE OF NEW YORK  )
                   )  ss:
COUNTY OF ERIE     )


        Matthew John Matagrano, being duly sworn,
deposes and says:

        1. I am the pro-se plaintiff in the above-captioned
case, I make this affidavit in support of plaintiff's motion
for the Appointment of Counsel.

        2. The complaint in this case alleges that the
plaintiff was subjected to discrimination because of a physical
and mental disability by employees' of a psychiatric center;
That plaintiff was retaliated against when he sought redress from
the administration; That plaintiff was denied reasonable accommodations
for a bi-lateral hearing impairment; That defendant's interfered with
plaintiff's use of auxiliary aids; That plaintiff was denied
adequate medical care for a serious medical need and; that
plaintiff's right to medical confidentiality was violated.

        3. Plaintiff was granted Informa Pauperis status by
order of this Court on April 21, 2006.

– 2 –

4. That this a complex case because it contains several different legal claims, with each claim involving a different set of defendant's, employed by two different government agencies.

5. That plaintiff has on his own accord made diligent efforts to obtain counsel on his own both pro bono and on a contingency basis, which such efforts have been unsuccessful. (see attached correspondence)

6. That this case involves medical issues that may require expert medical testimony and or the cross-examination of such expert testimony.

7. That plaintiff has demanded a trial by jury.

8. That this case will require discovery of documents and depositions of a number of witnesses.

9. That the testimony will be in sharp conflict, since the plaintiff alleges he was discriminated against; denied adequate medical care for a serious medical need; and violated plaintiff's right to medical confidentiality; while defendant's deny they discriminated against the plaintiff; that plaintiff received adequate medical care for both his physical and psychiatric ailments; and that plaintiff's confidentiality in his medical treatment was not violated by their actions.

10. That the plaintiff is incarcerated and housed in segregation. For this reason he has very limited access to legal materials and has no ability to interview witnesses

- 3 -

who are in other facilites or at the Central New York Psychiatric Center, or the ability to investigate the facts.

11. That plaintiff has set forth in the annexed Memorandum of Law, these facts, along with the legal merit of the plaintiff's claims, support the appointment of counsel to represent the plaintiff.

W H E R E F O R E, the plaintiff's motion for the appointment of counsel should be granted.

Dated: June 7, 2006
Alden, N.Y.

Respecfully submitted,

Matthew John Matagrano
# 04A5883 Plaintiff Pro-se
Wende Correctional Facility
3040 Wende Rd. Po. Box 1187
Alden, N.Y. 14004 - 1187
(716) 937- 4000

SWORN TO BEFORE ME THIS
7TH day of June, 2006

NOTARY PUBLIC

TAYLOR L. ROBERTS
Notary Public, State Of New York
No. 01RO6091961
Qualified In Erie County
Commission Expires May 12, 20 07

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK ___x

MATTHEW JOHN MATAGRANO,

Plaintiff,

— against —

No. 05 cv 1459 (DNH)(RFT)

OFFICE OF MENTAL HEALTH, et al;

Defendants. ___x

## MEMORANDUM OF LAW
## IN SUPPORT OF PLAINTIFF'S
## MOTION FOR THE APPOINTMENT
## OF COUNSEL

### Title 28 U.S.C.A. Sect. 1915

- 5 -

## Statement of the Case:

This is a civil rights action filed by a mentally ill and physically disabled prisoner for damages, injunctive and declatory relief pursuant to 42 U.S.C. Sect. 12101, et. seq, as amended; Section 504 of the Rehabiliation Act of 1973 29 U.S.C. Sect. 794 and; 42 U.S.C. Sect. 1983 asserting claims for the unconstitutional discrimination against the plaintiff's physical and mental disability; retaliation against the plaintiff for seeking redress under the American's With Disabilites Act; for the denial of reasonable accommodations for a bi-lateral hearing impairment; for the confiseation and depravation of plaintiff's auxiliary aids as a retaliatory punishment; for denial of medical care for a serious medical need and; for violating plaintiff's right to medical privacy.

## Statement of the facts:

The complaint alleges inter alia, that the plaintiff suffers from a bi-lateral hearing impairment, that he is sensorially disabled and that he has been diagnosed with a psychiatric disorder, for which he requires treatment. At all times relevant herein the plaintiff was a patient of the Central New York Psychiatric Center at it's acute care inpatient facility or at numerous satellite units located within the Department of Correctional Services maximum security facilities. The complaint further alleges that he was denied the reasonable accommodations of hearing aids, batteries, close-caption televison, telephone amplification, and prefered seating. That plaintiff was discriminated against because of his hearing impairment

— 6 —

i. that defendant's have denied plaintiff proper care
for a serious medical condition; and on numerous
occassions plaintiff's right to medical privacy was
violated.

## ARGUEMENT

### THE COURT SHOULD APPOINT COUNSEL FOR
### THE PLAINTIFF.

In deciding whether to appoint counsel for an indigent
litigant, the Court should consider "the factual complexity of
the case, the ability of the indigent to investigate the facts,
the existence of conflicting testimony, the ability of the indigent
to present his claim and the complexity of the legal issues." (see)
Terminate Control Corp v. Horowitz, 28 F. 3d 1335 (2d
Cir. 1994); Abdullah v. Gunter, 949 F. 2d 1032, 1035
(8th Cir. 1991); cert denied, 112 S. Ct. 1995 (1992). In
addition Courts have said that the most important factor is
whether the case appears to have merit. Cooper v. A. Sargenti
Co. Inc., 877 F. 2d 170, 173 (2d Cir 1989); Each of these
factors weigh in support of the appointing counsel in this case.
(Terminate Control Corp v. Horowitz, supra.)

1. Factual Complexity: The plaintiff allegations are predicated
upon the actions of several employees of the Office of Mental
Health (OmH) and the New York Department of Correctional

- 7 -

Services, who were acting under the "color of State law" have discriminated against plaintiff because of his physical and mental disabilities. That when plaintiff attempted to enforce his rights under both the American's With Disabilites Act and Section 504 of the Rehabiliation Act of 1973, he was retaliated against by defendants when they delayed his access to mental health practioners; hearing aids and replacement batteries. Further that plaintiff was forced to endure severe physical pain for over eight weeks because of an infected/impacted wisdom tooth, as such defendant's denied him adequate medical care for a serious medical need. Further that plaintiff was denied reasonable accommodations for his bi-lateral hearing impairment in violation of the Equal Protection Clause of the Fourteenth Amendment. see Clarkson v. Coughlin, 898 F. Supp. 1019 (S.D.N.Y. 1995) holding that "Failure of prison to accommodate deaf/hearing impaired prisoners violated the ADA and Section 504;" Nolley v. County of Erie, 776 F. Supp. 715 (W.D.N.Y. 1991) and; Henrietta v. Giuliani, 119 F. Supp. 2d 181 (E.D.N.Y. 2000) appeal dismissed 246 F. 3d. 176, aff'd 331 F. 3d 261 holding that "Protections afforded by American's With Disabilites Act (ADA) ensure that with or without reasonable accommodations of programs and services, disabled individual who meets essential eligibility requirements to participate in program or receive benefit in question is not discriminated against by reason of disability." also, Marisol A. by Forbes v. Giuliani, 929 F. Supp 662 (S.D.N.Y. 1996) and Love v. Westville Correctional Center,

— 8 —

103 F. 3d 558 (7th Cir. 1996).

To the extent that plaintiff alleges denial of adequate medical care, the medical issues are complex. Plaintiff has stated a clear "Hathaway Claim" against the defendants. Hathaway v. Coughlin, (Hathaway III), 99 F. 3d 550, 553 (2d Cir. 1996). "A Hathaway claim applies to public officals deliberate indifference to a plaintiff's medical needs, in violation of the Eighth Amendment's proscription against cruel and unusual punishment."; Carrasquillo v. City of New York, 324 F. Supp. 2d 428 (S.D.N.Y. 2004); See also Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285 finding that "Deliberate indifference to serious medical needs of prisoner constitues unnecessary and wanton infliction of pain proscribed by Eighth Amendment, whether the indifference is manifested by prison doctors in response to prison needs or by prison guards in intentionally interfering with treatment once prescribed; regardless of how evidenced deliberate indifference to prisoners serious illness or injuries states cause of action under civil rights statue". Also a Federal Court in this Circuit has held that denial of adequate dental care equates denial of medical care for a serious medical need. Dean v. Coughlin, 623 F. Supp 392 (S.D.N.Y. 1985); see also Brownlee v. Connie, 957 F. 2d 353, 354 (7th Cir. 1992). Plaintiff's medical claims will probably require a medical expert witness or the need to cross-examine a witness called by the defendants, or both. The presence of medical or other issues requiring expert testimony supports the appointment of Counsel. Moore v. Mabus, 976 F. 2d 268, 272

– 9 –

(5th Cir. 1992); Jackson v. County of Mclean, 953
F. 2d. 1070, 1073 (7th Cir. 1992); and Tucker v.
Randall, 948 F. 2d 388, 392 7th Cir. 1991).

2. Plaintiff's Ability To Investigate: The plaintiff is
incarcerated and housed in segregation and has no ability to
investigate the facts. For example, he is unable to identify,
locate, and interview the patients/prisoners who were housed
on the same hospital ward or in nearby observation cells who
witnessed some of or all the discrimination and retaliation.
He has been transferred to a different institution, a factor
that several courts have cited in support of their decison
to appoint counsel. Tucker v. Randall, supra ; Gatson v.
Coughlin, 679 F. Supp. 270, 273 (W.D.N.Y. 1988); and
Armstrong v. Synder, 103 F.R.D. 96, 105 (E.D. Wis. 1984)
        In addition, this case will require considerable
discovery concerning the identity of witnesses, psychiatric records,
the reports made by the staff about the incidents; history of
the defendant's prior acts of discrimination and or abuse of those
in their care, and the plaintiff's medical and mental health history.
Tucker v. Dickey, 613 F. supp. 1124, 1133-34 (W.D. Wis. 1985);
see Hendricks v. Coughlin, 114 F. 3d 390 (2nd Cir. 1997);
and Jermosen v. Coughlin, 745 F. Supp. 128 (W.D.N.Y. 1990)
Need for discovery supports appointment of Counsel.

3. Conflicting Testimony: The plaintiff's account of
the numerous requests for reasonable accommodations; dental care; the

- 10 -

either tacit or outright denial of these
requests; the allegations of retaliation by
defendants against the plaintiff ; and the
outright and constructive denial of adequate medical
care for a serious medical need are all in
conflict with statements and assertations of the
defendants. These aspects of this case will be a
credibility contest between the defendants, the
plaintiff and such inmate witnesses as can be
located. The existence of these credibility issues
supports the appointment of counsel. See
Gatson v. Coughlin, 679 F. Supp. 270, 273
(W.D.N.Y. 1988)

   4. The ability of the indigent to present his
Claim: The plaintiff is an indigent prisoner confined to
segregation with very limted access to legal materials.
Hendricks v. Coughlin, 114 F. 3d 390 ( 2nd Cir 1997) citing
(plaintiff's inability to manage claim on his own); Rayes v.
Johnson, 969 F. 2d 700, 703 - 704 (8th Cir 1992) citing lack
of ready access to a law library as a factor supporting
appointment of counsel.

   5. Legal Complexity : The large number of defendants
(nine in this action), some of whom are supervisory officials, mental
health and medical professionals, presents many complex legal issues
of determining which defendants were sufficently personally involved

- 11 -

in the constitutional violation(s) to be held liable. Plaintiff's allegations are predicated on three seperate Federal statutes, 42 U.S.C. Sect. 12101 et. seq , 42 U.S.C. Sect. 1983 and 29 U.S.C. Sect 794 and the 8th and 14th Amendments to the Constitution of the United States. In addition, the plaintiff has asked for a jury trial, which requires much greater skill then the plaintiff has or can develop. see Hendricks v. Coughlin, 114 F. 3d 390 (2nd Cir 1997) citing (legal complexity); and Abullah v. Gunter 949 F. 2d 1032, 1036 (8th Cir 1991) citing (jury demand as a factor supporting appointment of counsel) cert denied, 112 S. Ct. 1995 (1992)

   6. Merits of the case: The plaintiff's allegations, if proved, clearly would establish constitutional violations. The allegations of denial of reasonable accommodations for a disability clearly states an 14th Amendment violation. See Henrietta D. v. Giuliani, 119 F. Supp 2d. 181 (E.D.N.Y. 2000); Veloz v. New York, 339 F. Supp. 2d 505 at 527 (S.D. N.Y. 2004); Clarkson v. Coughlin, 898 F. Supp 1019 (S.D.N.Y. 1995); Candelaria v. Coughlin, 787 F. Supp. 368, 378 (S.D.N.Y. 1992); Lawrence v. Scully, 575 F. Supp 39, 40 (S.D.N.Y. 1983); and Young v. Harris, 509 F. Supp. 1111, 1113-14 (S.D.N.Y. 1981).

   The allegations of denial of medical care amount to deliberate indifference to a serious medical need, which the U.S. Supreme Court has specifically cited as unconstitutional. Estelle v. Gamble, 429 U.S. 97, 105, 97 S.Ct. 285 (1976) and plaintiff has clearly stated an Eighth Amendment violation. Hathaway v. Coughlin, (Hathaway III), 99 F. 3d 550, 553 (2d Cir 1996); Martinez v. Mancusi, 443 F. 2d 921 (2d Cir 1970) cert denied 91 S. Ct. 1202 ; and Smith v. Carpenter ,

- 12 -

316 F. 3d 178 (2d Cir. 2003). Further the denial of adequate dental care has also been held to state a valid Eighth Amendment claim. Rivera v. Goord, 119 F. Supp 2d. 327 (S.D.N.Y. 2000); Hogan v. Russ, 890 F. Supp. 146 (N.D. N.Y. 1995); and Dean v. Coughlin, 623 F. Supp. 392 (S.D.N.Y. 1985).

The retaliation by defendants against the plaintiff for filing grievances, and letters of complaint to supervisory officals violated a constitutionally protected right under the First Amendment. Bennett v. Goord, 343 F. 3d 133 (2d Cir. 2003) holding that " to prevail on retaliation claims brought under Section 1983 prisoner had the burden of showing, first that he engaged in constitutionally protected conduct and second, that the conduct was a substantial or motivating factor for the adverse actions taken by prison officals." Plaintiff made complaints that defendant's were not providing reasonable accommodations for his bi-lateral hearing impairment; were discriminating against plaintiff due to his sexual orientation; were denying plaintiff adequate medical care for a serious medical need; and that defendants were violating plaintiff's right to medical confidentiality. The submitting of these grievances and letters of complaint by plaintiff is an undisputed constitutionally protected conduct. See Hendricks v. Coughlin, 114 F. 3d 390 (2d Cir 1997); and Justice v. Coughlin, 941 F. Supp. 1312 (N.D.N.Y. 1996) where this very Court has held that "prison grievances are

- 13 -

Constitutionally protected conduct for purposes of
inmate retaliation claim under Section 1983.".
Further the denial of replacement hearing aid batteries
in a timely manner, and the deprivation of plaintiff's
hearing aids for five (5) days after the filing of
a formal assault complaint was motivated by
the above constitutionally protected conduct. Gill v.
Hoadley, 261 F. Supp. 2d 113 (N.D.N.Y. 2003).
        The "casual, unjustified" dissemination of
confidential medical/mental health information by the
defendants who are employed as mental health practioners
to non-medical, mental health staff, as well as other
prisoners' is unconstitutional. Doe v. Coughlin, 697 F. Supp
1234, 37-38 (N.D.N.Y. 1988); Baez v. Rapping, 680 F. Supp.
112, 115 (S.D.N.Y. 1988); Casey v. Lewis, 834 F. Supp. 1477,
1546 (D. Ariz. 1997) (condeming sick call system that required
inmates to discuss medical problems in other inmates hearing);
and Nolley v. County of Erie, 776 F. Supp. 715 (W.D.N.Y.
1991). (see also) N.Y. Public Health Law Section 2780
et. seq. (Mckinney 1991 supp.). (cited by Nolley v. County of Erie, supra)
        On it's face, then this is a meritorious
case.

- 14 -

## CONCLUSION

For the foregoing reasons, the Court should grant the plaintiff's motion and appoint counsel in this case.

Dated: June 7 , 2006
    Alden, N.Y.

Respectfully Submitted,

Matthew John Matagrano

04A5863 Plaintiff Pro-se

Wende Correctional Facility

3040 Wende Rd. Po. Box 1187

Alden, N.Y. 14004- 1187

(716) 937- 4000

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK ___x
MATTHEW JOHN MATAGRANO,

                              Plaintiff,

                                        AFFIDAVIT OF SERVICE
                                        BY MAIL
        - against -
                                        05 cv 1459 (DNH) (RFT)

OFFICE OF MENTAL HEALTH, et. al;

                        Defendants. x
_____
STATE OF NEW YORK )
                  )  ss:
COUNTY OF ERIE    )


        Matthew John Matagrano, being duly sworn to the
___ day of  June  , 2006, deposes and says:
        1) I am over the age of 18 and reside at Wende
Correctional Facility, 3040 Wende Rd. Po. Box 1187, Alden
N.Y. 14004-1187.
        2) That on the ___ day of  June , 2006, I served
the following documents:
                    (i) Notice of Motion For Appointment
                        of Counsel;
                    (ii) Affidavit In Support;
                    (iii) Memorandum of Law. and
                    (iv) Correspondence. [EXHIBITS]
in the above entitled proceeding, by mailing the same in a sealed
envelope, postage paid and delivering it to prison authorites
according to the established procedures for mailing such items,
addressed to the proper mailing address of counsel for the

AFFIDAVIT OF SERVICE
  05 CV 1459 (DNH) (RFT)
      - 2 -

defendants as listed below:

        To: Hon. Elliot Spitzer
            State of New York Attorney General
            Department of Law
    ATTN:
            OF COUNSEL
            State Capitol
            Albany, N.Y. 12224

Dated: June 12th, 2006
        Alden, N.Y.

                                    Respectfully Submitted

                                    Matthew John Matagrano
                                    #04A5883, Plaintiff Pro-se
                                    Wende Correctional Facility
                                    3040 Wende Rd. Po. Box 1187
                                    Alden, N.Y. 14004-1187
                                    (716) 937-4000

SWORN TO BEFORE ME THIS
 12 day of June, 2006

Marian Duminuco
        NOTARY PUBLIC
        MARIAN DUMINUCO
    Notary Public, State of New York
        Qualified in Erie County
    Commission Expires Apr. 2007

# DISABILITY ADVOCATES, INC.

5 CLINTON SQUARE, THIRD FLOOR
ALBANY, NEW YORK 12207-2201
(518) 432-7861 (VOICE AND TTY)
(518) 427-6561 (FAX)

EXECUTIVE DIRECTOR:
CLIFF ZUCKER, ESQ.

MANAGING ATTORNEY:
TIMOTHY A. CLUNE

SECRETARY/BOOKKEEPER:
MICHELE MAHAR

SENIOR STAFF ATTORNEY:
SIMEON GOLDMAN

STAFF ATTORNEYS:
ROGER A. BEARDEN
NINA LOEWENSTEIN
JENNIFER MONTHIE

April 21, 2005

Matthew Matagrano, #04-A-5883
Elmira C.F.
P.O. Box 500
Elmira, NY 14902

Dear Mr. Matagrano:

Thank you for your recent letter.  I suggest you contact Prisoners' Legal Services of New York regarding your complaints.  They may be reached as follows:

> Prisoners' Legal Services of New York
> 114 Prospect Street
> Ithaca, NY 14850
> Attn:   Central Intake

You may also wish to submit a grievance regarding your situation.  This will be important if you should ever decide to file a lawsuit.

Thank you for contacting Disability Advocates, Inc.

Sincerely yours,

Roger Bearden

A – 1

PROVIDING PROTECTION, ADVOCACY AND FREE LEGAL SERVICES TO PERSONS WITH DISABILITIES.



**Lambda**
L E G A L

June 28, 2005

Dear Matthew Matagrano,

Thank you for your letter to Lambda Legal.

Lambda Legal is a national organization committed to achieving full recognition of the civil rights of lesbians, gay men, bisexuals, transgender people and those with HIV through impact litigation, education and public policy work.

From your letter, it seems that at this stage you would be best served by a prisoners' advocacy expert. This type of advocacy is beyond the scope of Lambda's work and resources.

Enclosed are copies of listings from the Prisoners' Assistance Directory, published by the National Prison Project.

The staff attorney recommends that you contact the ACLU National Prison Project directly. Their address is
733 15th Street NW, Suite 620
Washington, DC 20005.

We sincerely hope that your situation is resolved quickly and favorably.

Sincerely,

Richard Saenz, Help Desk Specialist
Lambda Legal
120 Wall Street, Suite 1500
New York, NY 10005
212.809.8585 x236
rsaenz@lambdalegal.org

A-2

# Prisoners' Legal Services of New York

**CENTRAL INTAKE UNIT**
114 Prospect Street
Ithaca, New York 14850
Tel. (607) 273-2283
FAX (607) 272-9122

Jerry Wein
**Executive Director**

Patience E. Schermer
**Managing Attorney**

November 8, 2005

Matthew Matagrano
04-A-5883
P.O. Box 300
Marcy, NY 13403-0300

Dear Mr. Matagrano:

This letter is in response to your recent letter requesting assistance. We will not be able to provide you with assistance because the problem you raised is not the type of matter PLS is able to handle at this time. If we have any client education materials that relate to your request, we are enclosing those materials with this letter. If you sent any documents with your letter, we are returning them to you with this letter.

At this time, the only new requests for assistance which PLS is able to accept are the following:

* Tier III Hearings: challenges to disciplinary Tier III hearings where the disposition is 18 months or more of SHU time and/or loss of good time or if the disposition may immediately affect the prisoner's release.

* Medical Care: claims of inadequate treatment for a serious medical need.

* Mental Health: claims of inadequate treatment for a serious mental health need.

* Excessive Use of Force: claims of a recent excessive use of force by correctional staff which resulted in serious injury.

* Sexual Abuse: claims of sexual abuse by correctional staff.

* Jail Time: claims for jail time credit of 90 days or more of additional credit.

* Sentence Issues: claims that the length of a sentence was improperly calculated by DOCS or that DOCS is holding the prisoner beyond her/his proper release date.

If you have an open case being handled by PLS staff in one of the regional offices, you should write directly to that staff person. All new requests for legal assistance from all prisons are handled through the Central Intake office. If you write directly to a regional PLS office requesting help on a new

A-3

legal matter, the regional office staff will forward your letter to Central Intake for a response. This will delay PLS' response to your request.

We regret that we are unable to provide you with assistance. Please contact us if you need assistance with a legal matter which falls within the areas PLS is currently handling.

Sincerely,

Barb Davies
Intake Specialist

PS: You will have to continue to work with the medical and mental health staffs at CNYPC regarding the medication and hearing aid issues you wrote about.

Enc.: Booth Notice

A-4

# Prisoners' Legal Services of New York
### CENTRAL INTAKE UNIT
114 Prospect Street
Ithaca, New York 14850
Tel. (607) 273-2283
FAX (607) 272-9122

Alba S. Johnson
**Executive Director**

January 9, 2006

Matthew Matagrano
04-A-5883
P.O. Box 1187
Alden, NY  14004-1187

Dear Mr. Matagrano:

This letter is in response to your recent letter requesting assistance. We will not be able to provide you with assistance because the problem you raised is not the type of matter PLS is able to handle at this time. If we have any client education materials that relate to your request, we are enclosing those materials with this letter. If you sent any documents with your letter, we are returning them to you with this letter.

At this time, the only new requests for assistance which PLS is able to accept are the following:

* Tier III Hearings: challenges to disciplinary Tier III hearings where the disposition is 18 months or more of SHU time and/or loss of good time or if the disposition may immediately affect the prisoner's release.

* Medical Care: claims of inadequate treatment for a serious medical need.

* Mental Health: claims of inadequate treatment for a serious mental health need.

* Excessive Use of Force: claims of a recent excessive use of force by correctional staff which resulted in serious injury.

* Sexual Abuse: claims of sexual abuse by correctional staff.

* Jail Time: claims for jail time credit of 90 days or more of additional credit.

* Sentence Issues: claims that the length of a sentence was improperly calculated by DOCS or that DOCS is holding the prisoner beyond her/his proper release date.

If you have an open case being handled by PLS staff in one of the regional offices, you should write directly to that staff person. All new requests for legal assistance from all prisons are handled through the Central Intake office. If you write directly to a regional PLS office requesting help on a new

A-5

legal matter, the regional office staff will forward your letter to Central Intake for a response. This will delay PLS' response to your request.

We regret that we are unable to provide you with assistance. Please contact us if you need assistance with a legal matter which falls within the areas PLS is currently handling.

Sincerely,

*Aleta Albert*

Aleta Albert
Intake Specialist


P.S.  I am enclosing some materials for you concerning accomodations for inmates with disabilities, and Section 504 of the Rehabilitation Act.  If you need mental health services, you should request a call out to see mental health staff.  I note from the DOCS website that you returned from CNYPC last month. You should continue to work with the mental health staff at your facility and if you feel it is necessary, ask for an emergency call out for mental health.

Enc.:  Booth Notice
       Information from the US Health & Human Services website
       Directive #2607

A - 6



**The Legal Aid Society**

**Prisoners' Rights Project**

199 Water Street, New York, NY 10038
Tel: (212) 577-3530
www.legal-aid.org

Steven Banks
*Associate Attorney-in- Chief*

*Prisoners' Rights Project*
John Boston
*Project Director*

MEMORANDUM

To: Inmates in NYS DOCS custody
From: The Prisoners Rights Project
Re: Your recent correspondence

Because of staff cuts resulting from budget problems at Legal Aid, we are unable to respond to your letter.

In general, we will be unable to respond to most letters, and cannot make photocopies of documents or copies of cases, because of lack of staff.

Although we will no longer be able to advocate for individual inmates, a few attorneys remain to resolve litigation which is pending. Inmates with problems addressed by current litigation should continue to write to the Prisoners Rights Project. These include:

> Problems of deaf and hearing impaired inmates
> Sexual abuse of women prisoners
> Medical problems of HIV-positive prisoners statewide
> Medical problems at Green Haven

You may be able to obtain help from Prisoners' Legal Services of New York. Correspondence should be directed to: Prisoners' Legal Services of New York, Central Intake Unit, 114 Prospect Street, Ithaca, N.Y. 14850.

You should always file a grievance (or, for prison programs with their own appeal process like the disciplinary system, an administrative appeal) about serious problems you encounter in prison, both to solve the problem and because exhausting administrative remedies is now required before you can bring a legal action.

In extremely limited instances when we are able and have it available, we are enclosing information that may be of assistance to you. We are returning your letter and any enclosures you sent us.

We deeply regret that we can no longer offer the services we have offered for 30 years. We wish you the best of luck.

A - 7

# LEGAL SERVICES OF CENTRAL NEW YORK, INC.

**MAIN OFFICE: 472 SOUTH SALINA STREET, SUITE 300**
**SYRACUSE, NEW YORK 13202**

**TELEPHONE (315) 475-3127**
**STATEWIDE TOLL-FREE (866) 475-9967**
**FAX (315) 475-2706**

**TTY (FOR SPEECH/HEARING IMPAIRED) (315) 475-3120 OR (866) 475-3120**

May 15, 2006

**LEGAL MAIL**
Matthew J. Matagrano
DIN #04-A-5883
Wende Correctional Facility
3040 Wende Road, PO Box 1187
Alden, New York   14004-1187

Dear Mr. Matagrano:

    We recently received your request for legal assistance.  Legal Services of Central New York represents clients in a thirteen county area in Central New York.  Since you do not reside in one of those counties, we cannot offer you assistance.

    I regret that we cannot help you.

Sincerely,
LEGAL SERVICES OF CENTRAL
NEW YORK, INC.

Dennis A. Kaufman
Executive Director

DAK:lad

A - 8



JUDGE DAVID L.

BAZELON
CENTER
FOR
MENTAL
HEALTH
LAW

*Civil Rights and Human Dignity*

**BOARD OF TRUSTEES**
Nikki Heidepriem, *Chair*
*Heidepriem & Mager*
*Washington DC*
Anita Allen-Castellitto
*University of Pennsylvania*
*Law School*
David B. Apatoff
*Arnold & Porter, Washington DC*
Eileen A. Bazelon, MD
*Department of Psychiatry*
*Drexel University*
Robert A. Burt
*Yale Law School*
Jacqueline Dryfoos
*New York NY*
Kenneth R. Feinberg
*The Feinberg Group*
*Washington DC*
Elliot F. Gerson
*Aspen Institute*
Howard H. Goldman, MD
*Department of Psychiatry, University*
*of Maryland School of Medicine*
Emily Hoffman
*On Our Own Maryland*
C. Lyonel Jones
*Legal Aid Society of Cleveland*
Ruth Luckasson
*Department of Educational Specialties*
*University of New Mexico*
Jacki McKinney
*National Association of People of*
*Color Consumer/Survivor Network*
Martha L. Minow
*Harvard Law School*
Stephen J. Morse
*University of Pennsylvania*
*Law School*
Joseph G. Perpich
*JG Perpich LLC, Bethesda MD*
Paul Recer
*Science and medical journalist*
*Washington DC*
Harvey Rosenthal
*New York Association of*
*Psychiatric Rehabilitation Services*
W. Allen Schaffer, MD
*Hartford, CT*
Cynthia M. Stinger
*Washington Group International*
Martin Tolchin
*Journalist and author*
*Washington D.C.*
H. Rutherford Turnbull, III
*Beach Center on Disability*
*University of Kansas*
Sally Zinman
*California Network of*
*Mental Health Clients*

**TRUSTEE EMERITA**
Mary Jane England, MD
*Regis College*

**HONORARY TRUSTEE**
Miriam Bazelon Knox
*Washington DC*

**EXECUTIVE DIRECTOR**
Robert Bernstein, PhD

*Affiliations listed for information only*

May 16, 2006

M. Matagrano #04A5883
Wende Correctional Facility
Wende Road, POB 1187
Alden, NY  14004-1187

Dear Mr. Matagrano:

In response to your inquiry, the Bazelon Center is not able to handle requests for information or assistance.  However, protection and advocacy systems in each state are federally funded to assist people with mental illnesses or developmental disabilities in understanding and asserting their rights. You can find the address of the P&A in your area on the website of their national association, http://www.napas.org/aboutus/PA_CAP.htm; or call the National Alliance for the Mentally Ill at 1-800-950-NAMI (6264).

For additional state advocacy resources, see the list of links on the Bazelon Center's website, at http://www.bazelon.org/links/index.htm.

If you do not have access to the internet, you may call the National Disability Rights Network at (202) 408-9514 or to send a fax # (202) 408-9520. You may also send a letter to this address; 900 Second Street, NE, Suite 211, Washington, DC 20002, and they will provide you with a referral in your state.

Sincerely,

Administrative Assistant

Enclosures

A-9

Matthew John Matagrano
04A5883
Wende Correctional Facility
3040 Wende Rd. P.o. Box 1187
Alden, N.Y 14004 - 1187

May 15, 2006

Steven N. Feinman, Esq
Feinman ¦ Grossbard P.C.
19 Court Plaza, Suite 201
White Plains, N.Y. 10601

Re: Matagrano v. Office or Mental Health, etc
05 cv 1459 (DNH/RFT)
U.S.D.C. N.D.N.Y.

Dear Mr. Feinman:
          I am writing your law firm with
the hope that you may be of assistance in representing
me in the above refrenced action against the New York
State Office of Mental Health. I have filed a complaint
under the American's with Disabilites Act, Section 504
Of the Rehabilation Act and 42 U.S.C. Section 1983
For discrimination because of my physical and mental
disability; denial of reasonable accommodations; denial
Of adequate medical care for a serious medical need;
retaliation; and for violations of the right to medical

A10

— 2 —

privacy. The majority of these allegations stem from my two psychiatric committments to the Central N.Y. Psychiatric Center inpatient Unit. While Others come from the Satellite Mental Health Units of Central N.Y. Psychiatric Center at 3 maximum Security Faciltes in the Department of Corrections.

My physical disability is a bi-lateral hearing impairment, which I wear two behind the ear hearing aids and require the reasonable accommodations of Close-caption t.v., phone amplification, prefered Seating, and Shake awake alarm. My mental illness has been diagnosed as Bi-polar disorder and Borderline Personality Disorder (as of 12/2/05). I have a long history of psychiatric inpatient treatment for Self abuse and Suicidal ideations. ( 7/1983 age of 7) Neither of my disabilites are a result of my incarceration. I am Serving an indeterminate Sentence of 2-4 years for Attempted Burgulary 3rd degree and my earliest release date is 12/30/06.

I thank you in advance for your time and consideration of my request. Any assistance or advice you may be able to offer would greatly be appreciated. I look forward to hearing from you Soon.

Very Truly Yours,

Matthew John Matogrono

# DISABILITY ADVOCATES, INC.

5 CLINTON SQUARE, THIRD FLOOR
ALBANY, NEW YORK 12207-2201
(518) 432-7861 (VOICE AND TTY)
(518) 427-6561 (FAX)

EXECUTIVE DIRECTOR:
CLIFF ZUCKER, ESQ.

MANAGING ATTORNEY:
TIMOTHY A. CLUNE

SECRETARY/BOOKKEEPER:
JODI HOVIOUS

SENIOR STAFF ATTORNEY:
SIMEON GOLDMAN

STAFF ATTORNEYS:
ROGER A. BEARDEN
NINA LOEWENSTEIN
JENNIFER MONTHIE

May 31, 2006

Matthew Matagrano
Wende C.F.
P.O. Box 1187
Alden, N.Y. 14004-1187

Dear Mr. Matagrano:

This office received your complaint about lack of reasonable accommodation at CNYPC, and your lack of confidential mental health treatment at Wende. As to your court complaint, I encourage you to write to Legal Services of Central New York, Inc. 472 S. Salina St., Suite 300, Syracuse N.Y. 13202. That program handles physical disability issues in Central New York; we do not cover that region. If they do not have the resources to represent you in your lawsuit, you should ask the court clerk about the possibility of assigning you counsel.

I am willing to follow up on your complaint concerning lack of cell-side interviews, if you would please send me the papers concerning the complaint that you made to DOCS (your grievance, their response, your appeals, Central Office's response). What I will do is send the complaint to the central OMH administration and to CNYPC. We also can bring up the problem in the context of the statewide prison mental health litigation, Disability Advocates vs. OMH et al. I do not have time to do more than that, e.g., to file another lawsuit on your behalf. But I certainly can write a letter for you also because it is in the interest of other inmatesd with mental illness at Wende.

I look forward to hearing from you again on the Wende mental health matter.

Yours truly,

Nina Loewenstein
Staff Attorney

A - VI

PROVIDING PROTECTION AND ADVOCACY SERVICES TO PERSONS WITH DISABILITIES

# KOOB & MAGOOLAGHAN
*Attorneys at Law*

SOUTH STREET SEAPORT    19 FULTON STREET    SUITE 408    NEW YORK, NEW YORK 10038

TELEPHONE: (212) 406-3095    FACSIMILE: (212) 349-4658

ELIZABETH L. KOOB
JOAN MAGOOLAGHAN
ALEXANDER A. REINERT
KEITH M. DONOGHUE

WESTCHESTER COUNTY OFFICE:
221 DEVOE AVENUE
YONKERS, NEW YORK 10705
TEL: (914) 964-8888

June 1, 2006

Matthew John Matagrano, 04A5883
Wende Correctional Facility
3040 Wende Rd.
P.O. Box 1187
Alden, NY 14004-1187

Re: Request for Representation

Dear Mr Matagrano:

I write to inform you that we have received your correspondence and request for legal representation. We thank you for seeking the services of our firm. However, because of the extremely large number of requests we receive, we are unable to even evaluate your claims at this time.

It takes us approximately forty-five days from the date of receipt of correspondence to make a determination whether we can accept a case for representation. While you may wish to wait that period of time to receive further notification from us on your request for representation, you must understand that **until such time as we execute a written retainer agreement we are not your counsel**. Moreover, we do not execute written retainer agreements unless we determine (1) that there is merit to the case, and (2) that we have the resources to accept the case. Accordingly, you may wish to seek the services of another firm, as we make no representations whatsoever at this time that we will be able to assist you.

In the event you have not heard from us within forty-five days from the date of this letter, please feel free to write and inquire as to the status of your request for representation.

Sincerely,

Zenida Gonzalez
Paralegal

A-12

Dear Sir/Madam:

This will acknowledge your letter in which you request assistance.

Although the New York State Bar Association has no jurisdiction over the matter you inquired about, the agency listed below may be able to assist you. We hope this information is helpful.

NYS Mental Hygiene Legal Services
New York City Office
60 Madison Avenue
2nd Floor
New York, New York 10010

NYS ADVOCATE FOR THE DISABLED
CQCAPD (OAP
1 Empire St       Suite 1001
Albany, N

AMERICAN CIVIL LIBERTIES UNION
1645 Statler Towers
Buffalo, NY 14202

NEW YORK STATE BAR ASSOCIATION

#1

NEW YORK STATE BA
ONE ELK STREET, AL

$ 00.39⁰
MAY 30 2006
12207
02 1A
0004319264
MAILED FROM ZIP CODE 12207

PITNEY BOWES

G. 37-12

Matthew Matagrano 04A5883
Wende Correctional Facility
Wende Road
Alden, NY 14004

ROGS

A-13

Matthew J. Matagrano
04h-A-5883  6-37-12
Bronx Correctional Facility
2040 Wende Rd  P.O. Box 1187
Alden, n.y. 14004 - 1187

June 1, 2006

Managing Attorney
Legal Aid Society of Mid-New York Inc.
225 Genesse Street, 2nd flr
Utica, N.Y. 13501

Re. <u>Matagrano</u> v. <u>Miles</u>, et al,
      05 cv 1459 (DNH/RFT)
      U.S.D.C.  N.D.N.Y.

Dear Sir/Madam :

        I am writing to your organization with the
hope that you may be able to provide assistance and or advice
concerning a civil complaint I have filed against the Office of
Mental Health and Central N.Y. Psychiatric Center (among others)
located in Oneida County. My complaint alleges violations of my
rights under Section 504 of the Rehabilitation Act; American's
with Disabilities Act; 42 U.S.C. Section 1783; and the 1st,
8th and 14th Amendment. I am bi-laterally hearing impaired,
and suffer from a serious mental illness. While a patient at
C.N.Y.P.C. and it's various Satellite units I have been denied
reasonable accommodations for my hearing impairment, denied adequate

A-14

-2-

Matagrano v. miles, et. al
June 1, 2006

Medical Care and mental health treatment. Was physically
assaulted by treatment staff, and retaliated against for
filing grievances and letters or complaints. For the allegations
set forth in the amended complaint and the supplemental
pleading I have exhausted all available administrative remedies
as required by the Prisoner Litigation Reform Act of 1996.

    I am attempting to locate counsel either pro bono
or on a contingency basis. Any assistance or advice your
organization may be able to offer would greatly be appreciated.
I look forward to hearing from your Office in the near future.
Thank you.

Very Truly Yours,

Matthew John Matagrano

CC: File.

A-15