UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
..................................................................................
MATTHEW JOHN MATAGRANO,

                                           Plaintiff,

       -v.-                                                      9:05-CV-1459
                                                                          [DNH][RFT]
REGINA MILES; ROBERT CARR; ANN
ANDZEL, et al.,

                                           Defendants.
..................................................................................
FOR THE PLAINTIFF:

MATTHEW JOHN MATAGRANO
Plaintiff, *pro se*
183762
Central New York Psychiatric Center
P.O. Box 300
Marcy, NY 13403


RANDOLPH F. TREECE, MAGISTRATE JUDGE

## **ORDER**

     Presently before the Court is Plaintiff's Motion for Appointment of Counsel. *See*

Dkt. No. 12.

     In *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335 (2d Cir. 1994), the Second

Circuit reiterated the factors that a court must consider in ruling upon such a motion. In

deciding whether to appoint counsel, the court should first determine whether the

indigent's position seems likely to be of substance. If the claim meets this threshold

requirement, the court should then consider a number of other factors in making its

determination. *Terminate Control Corp.*, 28 F.3d at 1341 (quoting *Hodge v. Police

Officers*, 802 F.2d 58, 61 (2d Cir. 1986)). Of these criteria, the most important is the

merits, *i.e.*, "whether the indigent's position was likely to be of substance." *McDowell v. State of N.Y.*, No. 91 CIV. 2440, 1991 WL 177271, *1 (S.D.N.Y. Sept. 3, 1991) (quoting *Cooper v. A. Sargenti & Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989)). Indigents do not have to demonstrate that they can win their cases without the aid of counsel; they do have to show likely merit. *Id.*

This action was only recently commenced. The Defendants have not yet responded to the allegations contained in Plaintiff's Complaint, and the only facts upon which this Court may base its decision as to whether this lawsuit is of substance are those portions of Matagrano's Complaint wherein he states the facts surrounding his claim. Where a plaintiff does not provide a court with evidence, as opposed to mere allegations, relating to his or her claims, such party does not meet the first requirement imposed by the Second Circuit relative to applications seeking appointment of pro bono counsel. *See Harmon v. Runyon*, No. 96-Civ.-6080, 1997 WL 118379 (S.D.N.Y. Mar. 17, 1997).

In light of the foregoing, the Court denies Plaintiff's Motion for Appointment of Counsel without prejudice. After the Defendants have responded to the allegations in Plaintiff's Complaint, he may choose to file a new motion for appointment of counsel, at which time the Court might be better able to determine whether such appointment is warranted in this lawsuit.

**WHEREFORE**, based upon the above, it is hereby

**ORDERED**, that Plaintiff's Motion for Appointment of Counsel (Dkt. No. 12) is **DENIED** without prejudice to renew at some future time for the reasons stated above,

and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the Plaintiff by regular mail.

**IT IS SO ORDERED**.

Dated:    August 23, 2006
          Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge