UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MATTHEW JOHN MATAGRANO,

                              *Plaintiff*,

      -against-

REGINA MILES, Assistant Psychiatrist, Central New York Psychiatric Center; ROBERT CARR, Social Worker, Central New York Psychiatric Center; ANN ANDZEL, Correction Counselor, Wende C.F.; Ms. CHRISTINE, Social Worker, Elmira C.F.; JOHN DINARDO, Security Hosp. Treatment Assistant, Central New York Psychiatric Center; NEW YORK STATE OFFICE OF MENTAL HEALTH; PATRICK, Nurse, Central New York Psychiatric Center; CINDY LAW, Nurse Practitioner, Central New York Psychiatric Center; NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES; ANTHONY DEVITO; CHRISTOPHER DEKIN; DAVID PRIVETT; ROBERT RAYMOND; and ROBERT KIRKPATRICK,

                                                       *Defendants*.

**ANSWER**

05-CV-1459

DNH/RFT

---

      Defendants Miles, Carr, Andzel, Dinardo, New York State Office of Mental Health, Mullally (named "Patrick" in the caption), Law, New York State Department of Correctional Services, Devito, Deakin (misspelled "Dekin" in the caption), Privet (misspelled "Privett" in the caption), Raymond, and Kirkpatrick,[1] by their attorney, Andrew M. Cuomo, Attorney General of the State of New York, Senta B. Siuda, Assistant Attorney General, of counsel, answer the Second Amended Complaint as follows:

---

[1] The Attorney General's Office has no record of service of process on defendant "Ms. Christine" (last name unknown).  The docket sheet indicates the summons for "Ms. Christine" was returned unexecuted on January 8, 2007.  Docket No. 21.

1. Admit upon information and belief the allegations contained in paragraphs 4, 20, 26, 41, 71, 73, 162, 164, 200, 207, 208, and 243 of the Second Amended Complaint.

2. Deny knowledge or information sufficient to form a basis to respond to the allegations contained in paragraphs 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 21, 22, 23, 28, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 66, 67, 68, 69, 70, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 163, 165, 167, 168, 169, 171, 172, 173, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 201, 202, 203, 204, 205, 206, 209, 210, 211, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 244, 245, 246, 247, 248, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 267, 268, 269, 270, 271, 272, 274, 275, 276, 277, 278, 279, 280, 281, 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292, 293, 295, 296, 297, 298, 299, 300, 301, 302, 303, 304, 305, 306, and 307 of the Second Amended Complaint.

3. Deny the allegations contained in paragraphs 24, 27, 107, 134, 174, 227, 273, 294, I, II, III, IV, V, VI, VII, VIII, IX, and X of the Second Amended Complaint.

4. As for the allegations contained in paragraph 25, defendants admit that on or about March 9, 2005 plaintiff went to emergency sick call, and deny knowledge or information sufficient to form a basis to respond to the remainder of the paragraph.

5. As for the allegations contained in paragraph 29, defendants admit plaintiff was seen by medical staff on March 29, 2005, and deny knowledge or information sufficient to form a basis to respond to the remainder of the paragraph.

6. As for the allegations contained in paragraph 30, defendants admit plaintiff was sent to the Elmira C.F. RCTP on March 29, 2005, and deny knowledge or information sufficient to form a basis to respond to the remainder of the paragraph.

7. As for the allegations contained in paragraph 65, defendants admit plaintiff was seen by mental health staff on August 10, 2005, and deny knowledge or information sufficient to form a basis to respond to the remainder of the paragraph.

8. As for the allegations contained in paragraph 72, defendants admit impressions were made for hearing aids for plaintiff on August 16, 2005, and deny knowledge or information sufficient to form a basis to respond to the remainder of the paragraph.

9. As for the allegations contained in paragraph 166, defendants admit plaintiff was placed in RCTP obs room #6, and deny knowledge or information sufficient to form a basis to respond to the remainder of the paragraph.

10. As for the allegations contained in paragraph 170, defendants admit plaintiff was seen by mental health staff on December 5, 2005, and deny knowledge or information sufficient to form a basis to respond to the remainder of the paragraph.

11. As for the allegations contained in paragraph 175, defendants admit plaintiff was seen by mental health staff on December 6, 2005, and deny knowledge or information sufficient to form a basis to respond to the remainder of the paragraph.

12. As for the allegations contained in paragraph 212, defendants admit plaintiff was seen by mental health staff on February 8, 2006, and deny knowledge or information sufficient to form a basis to respond to the remainder of the paragraph.

13. As for the allegations contained in paragraph 213, defendants admit plaintiff was seen by medical staff on February 14, 2006 for self-inflicted multiple superficial scratches, and deny knowledge or information sufficient to form a basis to respond to the remainder of the paragraph.

14. As for the allegations contained in paragraph 249, defendants admit plaintiff was seen by mental health staff on April 13, 2006, and deny knowledge or information sufficient to form a basis to respond to the remainder of the paragraph.

15. As for the allegations contained in paragraph 266, defendants admit plaintiff was seen by mental health staff on May 4, 2006, and deny knowledge or information sufficient to form a basis to respond to the remainder of the paragraph.

16. Deny any allegation of the Second Amended Complaint not specifically responded to above.

## Defenses

17. The Second Amended Complaint fails to state a claim upon which relief can be granted.

18. At all relevant times Defendants acted under the reasonable belief that their conduct was in accordance with clearly established law. They are, therefore, protected under the doctrine of qualified immunity.

19. The Second Amended Complaint is barred, at least in part, under principles of res judicata and collateral estoppel.

20. To the extent plaintiff raises state law claims, they are barred by section 24 of the Correction Law, by the Eleventh Amendment, and by other state law.

21. The Second Amended Complaint is barred by the applicable statute of limitations.

22. Plaintiff has failed to serve his Second Amended Complaint within the 120 day time period provided by Federal Rules of Civil Procedure 4(m).

23. The Second Amended Complaint is barred, in whole or in part, under the Eleventh Amendment.

24. Defendants are not personally involved in the alleged constitutional or statutory violations, and they are therefore not liable under 42 U.S.C. § 1983. The doctrine of <u>respondeat superior</u> does not apply in civil rights cases, and the Second Amended Complaint should therefore be dismissed.

25. Plaintiff has failed to exhaust administrative remedies.

26. Defendants deny that they ever acted in wilful disregard of the plaintiff's rights. Plaintiff is therefore not entitled to the punitive damages that he seeks.

27. The Second Amended Complaint fails to establish a violation of federal constitutional rights and this court lacks jurisdiction over the subject matter.

28. Plaintiff's allegations sound in the nature of an ordinary negligence claim and do not raise a constitutional issue cognizable in a section 1983 action.

29. To the extent plaintiff has, on three or more occasions, brought an action or appeal that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, he is barred from proceeding under section 1915.

30. To the extent this action is brought for mental or emotional injury, plaintiff is barred from proceeding without a prior showing of physical injury.

31. Upon information and belief, plaintiff has been convicted of one or more felonies or other crimes for which there are or may be restitution orders pending. Pursuant to section 807 of the Prison Litigation Reform Act of 1995, any compensatory damages to be awarded plaintiff herein shall be paid directly to satisfy any such outstanding orders until paid in full. Therefore, plaintiff is or may not be entitled to any payment herein.

32. Upon information and belief, plaintiff has been convicted of one or more felonies or other crimes. Pursuant to section 808 of the Prison Reform Act of 1995, prior to payment of any compensatory damages to plaintiff, reasonable efforts shall be made to notify the victims of the crime for which plaintiff was convicted and incarcerated. Upon information and belief, plaintiff must be compelled to cooperate in the notification of his victims prior to payment of any judgment herein, or he should be barred from recovery.

WHEREFORE, Defendants Miles, Carr, Andzel, Dinardo, New York State Office of Mental Health, Mullally, Law, New York State Department of Correctional Services, Devito, Deakin, Privet, Raymond, and Kirkpatrick respectfully request this Court deny the relief requested, dismiss the Second Amended Complaint, and grant such other relief as the Court shall deem just and equitable.

Dated: Syracuse, New York
       February 27, 2007

                                      ANDREW M. CUOMO
                                      Attorney General of the State of New York
                                      Attorney for Defendants Miles, Carr, Andzel, Dinardo, New York State Office of Mental Health, Mullally, Law, New York State Department of Correctional Services, Devito, Deakin, Privet, Raymond, and Kirkpatrick
                                      615 Erie Boulevard West, Suite 102
                                      Syracuse, New York  13204-2465

                                      By: **s/ Senta B. Siuda**
                                      Senta B. Siuda
                                      Assistant Attorney General, of Counsel
                                      Bar Roll No. 104416
                                      Telephone:     (315) 448-4800

TO:   Matthew John Matagrano
        04-A-5883
        Plaintiff pro se
        Wende Correctional Facility
        3040 Wende Road
        Alden, New York 14004-1187