UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MATTHEW JOHN MATAGRANO,

                Plaintiff,

      -against-

REGINA MILES, MD, et.al;

                Defendants.

*U.S. DISTRICT COURT - N.D. OF N.Y.*
**FILED**
MAR 1 6 2007
AT _____ O'CLOCK _____
Lawrence K. Baerman, Clerk - Syracuse

NOTICE OF MOTION
      FOR

APPOINTMENT OF COUNSEL
28 U.S.C. Sect. 1915

Dkt No. 05-cv-1459
      (DNH) (RFT)

      **PLEASE TAKE NOTICE that,** plaintiff will make an application to the Court before the Hon. Randolph F. Treece, U.S. Magistrate Judge at the United States Courthouse located at 100 S. Clinton Street, Syracuse, N.Y. 13261, on the 10 day of April 2007, at 10:00 a.m. in the forenoon, or soon thereafter as movant may be heard for an order pursuant to 28 U.S.C. Section 1915 appointing counsel.

Dated: March 3 ,2007
      Alden, N.Y.

Respectfully Submitted,

Matthew John Matagrano
Plaintiff Pro-Se
No. 04-A-5883
Wende Correctional
3040 Wende Rd. Po. Box 1187
Alden, N.Y. 14004-1187

UNITED SATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK                    X
MATTHEW JOHN MATAGRANO,
                            Plaintiff,

                                              AFFIDAVIT IN SUPPORT

        -against-
                                              Dkt. No. 05-cv-1459
                                                      (DNH)(RFT)

REGINA MILES, MD, et.al;
                        Defendants.
_____ X
STATE OF NEW YORK)
COUNTY OF ERIE)      ss:

        Matthew John Matagrano, being duly sworn, deposes
and says:

        1. I am the pro-se plaintiff in the above-captioned
action, I make this affidavit in support of palintiff's motion for the
Appointment of Counsel pursuant to Title 28 U.S.C. Section 1915.

        2. This is the second application for the appointment
of counsel. The first having been denied without prejudice by order of
this Court on August 28, 2006, to be refiled after defendants answer or
otherwise move in respond to the pleading.

        3. The complaint in this case alleges that the
plaintiff was subjected to discrimination because of a physical and mentaL
disability, by employees of a psychiatric center, a correctional facility
and two state government agencies. The plaintiff was retaliated against
when he sought redress from the adminsitrative bodies. That plaintiff
was denied reasonable accommodations for a bi-lateral hearing impair-
ment; That defendant's interfered ewith plaintiff's use of his auxiliary
aids; That plaintiff was denied adequate medical care for a serious
medical need; That plaintiff's right to medical confidentiality was

Affidavit In Support
Matagrano v. Miles, et.al;
Page -2-2

violated and; That the defendant's failed to protect the plaintiff from harm.

4. Plaintiff was granted Informa Pauperis on April 21, 2006.

5. This is a complex case because it contains several different legal claims, with each claim involving a different set of defendants, employed by two seperate state government agencies.

6. The plaintiff has on his on behalf made exhaustive attempts to secure counsel on his own, both pro-bono and on a contingency basis, which such efforts have been unsuccessful. (Attached hereto are the attorney correspondence)

7. That this case involves medical issues that may require expert medical testimony and or the cross-examination of such expert testimony.

8. That plaintiff has demanded a trial by jury.

9. That the case will require discovery of documents and depositions of a number of witnesses.

10. That the testimony will be in sharp conflict, since defendants deny all wrong doing and violating plaintiff's rights. Where plaintiff has alleged that he was discriminated against, denied adequate medical care, had his confidentiality in his medical treatment breached and was not protected from harm that was foreseeable.

11. That plaintiff is now residing at the Wende Correctional Facility.

Affidavit In Support

Matagrano v. Miles, et. al;
Page -3-

12. That plaintiff has allowed defendant's to answer or otherwise move as to the Second AMended complaint.

13. That plaintiff has set forth in the annexed Memorandum of Law, these facts, along with the legal merit of the plaintiff's claims, support the appointment of counsel.

**W H E R E F O R E**, the plaintff's application for the appointment of counsel should be granted, together with such other and further relief as this Court deems just and proper.

Dated: March 3ʳᵈ, 2007
      Alden, N.Y.

Respectfully Submitted,

Matthew J. Matagrano
PLaintiff Pro--Se
Wende Correctional Fac.
3040 Wende Rd Po. box 1187
Alden, N.Y. 14004-1187

Sworn to before me this

3 day of March, 2007

Notary Public State of NY

M JACQUELYEN KENNEL
Notary Public, State of New York
Qualified in Erie County
My Commission Expires Feb 9, 2010

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK_____X
MATTHEW JOHN MATAGRANO,
                              Plaintiff,


        -against-                              Dk No. 05-civ-1459
                                                   (DNH) (RFT)


REGINA MILES,MD.et. al;
                         Defendants.
—————————————————————————X



                    MEMORANDUM OF LAW
                          IN
                      SUPPORT OF
                APPOINTMENT OF COUNSEL

                  28 U.S.C. Section 1915

## STATEMENT OF THE CASE:

This is a civil rights action filed on November 21, 2005, by a mentally ill and physically diabled person for damages, injunctive, and declaratory relief under the American's With Disabilities Act of 1990, 42 U.S.C. 12101, et. seq as amended ; Section 504 of the Rehabiliation Act of 1973, 29 U.S.C. Section 794, and 42 U.S.C. Section 1983, asserting claims for the unconstitutional discrimination against the plaintiff's physical and mental impairments; retaliation against the plaintiff for seeking redress; for the denial of reasonable accommodations for a bi-lateral hearing impairment; for the confiscation and deprivation of plaintiff's auxiliary aids as a retaliatory punishment; for denial of adequate medical care for serious medical needs; for violating plaintiff's right to medical privacy ; and for failure to protect.

## STATEMENT OF THE FACTS:

The complaint alleges interalia, that the plaintiff suffers from a severe-moderate bi-lateral hearing loss, and that he has been diagnosed with a mental illness, for which he requires treatment. At all times relevant herein the plaintiff was a patient of the Central New York Psychiatric Center at its acute care inpatient unit or at numerous satellite units located within the Department of Correctional Services Maximum Security facilities. The complaint further alleges that plaintiff was denied reasonable accommodations of hearing aids/batteries, close caption television , telephone amplification, and preferred seating. That the plaintiff

was discriminated against because of his hearing impairment; That defendant's have denied plaintiff proper care for serious medical needs and on numerous occcassions plaintiffs right to medical privacy was violated.

## THE COURT SHOULD APPOINT COUNSEL FOR THE PLAINTIFF

ARGUMENT:

In deciding whether or not to appoint counsel for an indigent litigant, the Court should consider, "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indingent to present his claim, and the complexity of the legal issues." **Terminate Control Corp v. Horowitz, 28 F. 3d 1335 (2d Cir. 1994); Hendricks v. Coughlin, 114 F.3d 390 (2d Cir. 1997);Abdullah v. Gunter, 949 F.2d 1032,1035 (8th Cir. 1991); cert denied, 112 S. Ct. 1995 (1992).** In addition, Courts have said that the most important factor is whether the case has merit. **Cooper v. A. Sargenti CO. Inc., 877 F.2d 170, 173 (2d Cir. 1989).** Each of these facotors weigh in support of the appointing of counsel in the instant case. (see **Terminate Control Corp. v. Horowitz, supra.).**

POINT ONE: <u>FACTUAL COMPLEXITY</u>

The plaintiff's allegations are predicated upon the actions of several employees of the New York State Office of Mental Health (OMH) and the New York State Depart of Corrrectional Services

(DOCS), who were all acting under the color of state law, and who have discriminated against the plaintiff because of his physical and mental disabilities. That when plaintiff attempted to enforce his rights under both the **American's With Disabilities Act of 1990 and Section 504 of the Rehabiliation Act of 1973,** he was subjected to retaliation by the defendants, when ____ purposely delayed his access to mental health and medical staff; his bi-lateral hearing aids; replacement batteries. As well as being unlawfully denied other reasonable accommodations. Further that plaintiff was forced to endure severe physical pain for over eight weeks because of an infected/impacted wisdom tooth, as such defendants denied him adequate medical care for serious medical need.

   The denial of reasonable accommodations for a physical disability specifically violates the **Americans With Disabilities Act of 1990, 42 U.S.C. 12101 et. seq; and Section 504 of the Rehabiliation Act of 1973, 29 U.S.C Section 794;** and is a fundametal violation of plaintiff's right to equal protection under the law as codified in the **Equal Protection Clause of the Fourteenth Amendment to the United States Consitution; Clarkson v. Coughlin , 898 F.Supp. 1019 (S.D.N.Y. 1995)** holding that " Failure of prison to accommodate deaf/hearing impaired prisoners' violated the ADA and Section 504;" **Nolley v. County of Erie, 776 F. Supp. 715 (W.D.N.Y. 1991); and Henrietta v. Giuliani, 119 F. Supp. 2d 181 (E.D.N.Y. 2000) appeal dismissed, 246 F.3d 176, affr'd 331 F.3d 261,** holding that "Protections affored by the American's With Disabilities Act (ADA) ensure that with or without reasonable

accommodations of programs and services, disabled individual who meets essential eligibility requirements to participate in program or receive benefits in question is not discriminated against by reason of disability;" **Marisol A. Forbes v. Giuliani, 929 F. Supp 662 (S.D.N.Y. 1996); and Love v. Westville Correctional Center, 103 F.3d 558 (7th Cir. 1996).**

To the extent that plaintiff's complaint alleges denial of adequate medical care for serious medical needs, the medical issues are complex. Plaintiff has stated a clear **"Hathaway Claim"** against the defendants. **Hathaway v. Coughlin, (Hathaway II), 99 F.3d 550, 553 (2d Cir. 1996)"** A HAthaway claim applies to public officialsdeliberate indifference to a plaintiff's medical needs, in violation of the Eighth Amendment's proscription against cruel and unusual punishment;" **Carrasqullo v. City of New York, 324 F. supp. 2d 428 (S.D.N.Y. 2004); and Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285,** where the U.S. Supreme Court held " Deliberate indifference to serious medical needs of prisoner constitutes unnecessary and wanton infliction of pain proscribed by Eighth Amendment, whether the indifference is manifested by prison doctors in response to prison needs or prison guards in intentionally interfereing with treatment once prescribed; regardless of how evidenced deliberate indifference to prisoner's serious illness or injuries states cause of action under civil rights statute." Plaintiff suffered inflamed and bleeding hemmroids, infected and impacted wisdom tooth that needed extracting. A court in this Circuit has held that denial of adequate dental care equates denial

of medical care for serious medical needs. **Dean v. Coughlin, 623 F.Supp. 392 (S.D.N.Y. 1985); and Brownlee v. Connie, 957 F. 2d 353 , 354 (7th Circuit 1992).** Plaintiff's medical claims will probably require a medical expert witness or the need to cross-examine a witness called by the defendants, or both. The presence of medical or other issues requring expert testimony supports the appointment of counsel. **Moore v. Mabus, 976 F2d 268, 272 (5th Cir. 1992); Jackson v. County of Mclean, 953 F.2d 1070, 1073 (7th Cir. 1992); and Tucker v. Randall, 948 F.2d 388, 392 (7th Cir. 1991).**

POINT TWO: <u>**PLAINTIFF'S ABILITY TO INVESTIGATE**</u>

The plaintiff is incarcerated and housed on a mental health housing unit in a maximum security facility, and has no ability to investigate the facts. For example, he is unable to locate, and interview the patients/prisoners who were housed on the same hospital ward or in nearby observation cells who witnessed some of or all of the discrimination and retaliation. He has been transferred to a different institution, a factor that several courts have cited in support of their decision to appoint counsel. **Gatson v. Coughlin, 679 F.Supp 270, 273 (W.D.N.Y.1988); Armstrong v. Snyder, 103 F.R.D. 96, 105 (E.D. Wis. 1984); and Tucker v. Randall (supra).**

In addition this case will require considerable discovery concerning the identity of witnesses; psychiatric records; reports made by defendants about the incidents; history of the defendants prior acts of discrimination, retaliation and or abuse of those in their care, as well as plaintiff's own medical and mental health records. **Hendricks v. Coughlin, 114 F.3d 390 (2d Cir. 1997); Jermosen**

v. Coughlin, 745 F. Supp 128 (W.D.N.Y. 1990); and Tucker v. Dickey, 613 F.Supp 1124, 1133-34 (W.D. Wis. 1985). Need for discovery supports the appointment of counsel.

**POINT THREE: <u>CONFLICTING TESTIMONY</u>**

The plaintiff's account of the materials facts, his numerous requests for reasonable accommodations; denial of dental care; the tacit or outright denial of these requests; the allegations of retaliation for filing grievances; the failure to protect; and the constructive denial of adequate medical care for the serious medical, dental, and psychiatric needs of the plaintiff are all in conflict with the defendant's assertations that they acted reasonably and in compliance with clearly established law. The aspects of this case will be a credibility contest between the defendants, the plaintiff, and such inmate and other witnesses as can be located. The existence of these credibility issues supports the appointment of counsel. <u>see</u> **Gatson v. Couglin, supra;**.

**POINT FOUR: <u>THE ABILITY OF THE INDINGENT TO PRESENT HIS CLAIM</u>**

The plaintiff is an indingent prisoner confined to a mental health cell block, who has had three emergency admissions to a psychiatric facility within the last fourteen months. <u>see</u> **Hendricks v. Coughlin, supra** (citing plaintiff's inability to manage his claim on his own); **Reyes v. Johnson, 969 F.2d 700, 703-704 (8th Cir. 1992)** citing lack of ready access to law library as a factor supporting appointment of counsel.

**POINT FIVE: <u>LEGAL COMPLEXITY</u>**

The large number of defendants (fourteen in this action), some whom are supervisory officials, mental health and medical professionals, presents many complex legal issues of determining which defendants were sufficently personally involved of the constitutional violations and federal statute violations to be held liable. Plaintiff's allegations are predicated upon three federal statutes; **42 U.S.C. Section 12101; 42 USS.C. Section 1983; and 29 U.S.C. Section 794; as well as the First, Eighth, and Fourteenth Amendments to the United States Constitution.** In addition , the plaintiff has asked for a trial by jury, which requires much greater legal skill then the plaintiff has or can develop. **Hendricks v. Coughlin, supra;** citing "legal complexity"; <u>see</u> **Abdullah v. Gunter, supra;** citing "jury demand as a factor supporting appointment of counsel.

**POINT SIX: <u>MERITS OF THE CASE</u>**

The plaintiff's allegations if proved, clearly would establish constitutional violations. In **Kilcullen v. New York State Dep't of Labor, 205 F3d 77 (2d Cir. 2000)** the Second Circuit Court of Appeals held " State agencies are not immune from suit in federal court to enforce rights guaranteed in Section 504 of the Rehabiliation Act; Congress abrogated such immunity in the act itself pursuant to it's enforcement powers under the fourteenth amendment." Further, the U.S. Supreme Court has also held this to be true for suits brought under **Title II of the American's With Disabilities Act of 1990** in **Tennessee v. Lane, 541 U.S. 509 , 124 S. Ct. 1978 (2004).** In light of these decisions, if proven plaintiff's allegations would entitle him to remedies at law.

Furthermore, the allegations of the denial of reasonable accommodations for a disability states a fourteenth amendment violation. 42 U.S.C. 12132; **Henrietta D. v. Giuliani, 119 F.supp 2d 181 (E.D.N.Y. 2000); Veloz v. City of New York, 339 F. Supp 2d 505 at 527 (S.D.N.Y. 2004); Clarkson v. Coughlin, 898 F.Supp 1019 (S.D.N.Y. 1995); Candelaria v. Coughlin, 787 F.Supp 368, 378 (S.D. N.Y. 1992); Lawrence v. Scully, 575 F.Supp 39, 40 (S.D.N.Y. 1983); and Young v. Harris, 509 F.Supp 1111, 1113-1114 (S.D.N.Y. 1981).**

The allegations of the denial of medical care has been held by the U.S. Supreme COurt as unconstitutional. **Estelle v. Gamble, 429 U.S. 97, 105, 97 S. Ct. 285 (1976).** Plaintiff suffers from a bi-lateral hearing impairment, external hemmroids and a severe mental illness, all that require long term treatment. Defendants have been deliberately indifferent to the audiological, psychiatric and other medical needs of the plaintiff. If proven this would show a violation of the Eighth Amendments proscription against cruel and unusual punishment. **Smith v. Carpenter, 316 F.3d 178 (2d Cir. 2003); and Hathaway v. Coughlin, (Hathaway II), 99 F.3d 550, 553 (2d Cir. 1996).** Further the denial of adequate dental care has also been held to state a valid Eighth Amendment claim. **Rivera v. Goord, 119 F.Supp2d 327 (S.D.N.Y. 2000); Hogan v. Russ, 890 F.Supp 146 (N.D.N.Y. 1995); and Dean v, Coughlin, supra.**

Plaintiff has been diagnosed with a mental illness for over twenty-thre years, a fact well known to the defendants. The U.S. Court of Appeals for the Fourth Circuit has developed a three prong

test to evaluate whether psychiatric care is needed for a prisoner:

i) the prisoner's symptoms are evidence of a serios disease or injury;

ii) that disease or injury is curable, or can be lessened substantially ; and

iii) the liklihood of harm to the prisoner (in terms of safety and health, including mental health) if treatment is delayed or denied is substantial.

**Bowring v. Godwin, 551 F.2d 44 (4th Cir 1977).** Plaintiff's extensive history of depression, suicide attempts, self injurious behaviors should have mandated that he receive adequate psychiatric care. In **Smith v. Carpenter, supra** the Second Circuit held that" Prison officials may not ignore a prisoner's medical condition that is likely to cause serious illness and needless suffering in the future, even if the prisoner has no serious current symptoms." Defendant's ignored complaints of depression, insomnia, lack of interest in daily activities, loss of appetite, and anxiety made to them no t only by the plaintiff, but also by his family. The deliberate indifference to plaintiff's serious need for psychiatric led to the permenant scaring of the plaintiff's arms and legs.

The retaliation by defendant's against the plaintiff for filing grievances, and letters of complaint to supervisory officials violated plaintiff's constitutionally protected right to seek redress under the First Amendment tot he U.S. Constitution. **Bennett v. Goord, 343 F.3d 133 (2d Cir. 2003)** holding that " to prevail on retaliation claims brought under section 1983 prisoner had the burden of showing , first that he engaged in constitutionally protected conduct and second, that the conduct was a substantial or

motivating factor for the adverse actions taken by prison officials.
" **Dawes v. Walker, 239 F.3d 489 (2d Cir. 2001).** Plaintiff has met

that burden. Plaintiff made complaints that defendant's were not

providing reasonable accommodations; were discriminating against him

due to his sexual orientation; were denying him adequate medical

care for serious medical needs; that the defendant's were violating

plaintiff's right to medical privacy; and that defendant's had

failed to protect plaintiff from foreseeable future harm. The subm-

itting of these constitutionally protected complaints caused the

plaintiff to be assaulted by two staff members; had his hearing

aids held for five days as a punishment; and was placed into

punitive segregation. The submitting of these complaints are an

undisputed constitutional protected conduct. **Hendricks v. Coughlin,**

**supra; and Justice v. Coughlin, 941 F.Supp. 1312 (N.D.N.Y. 1996)**

where this Court held that "prison grievances are constitutionally

protected conduct for purposes of inmate retaliation claim under

section 1983." Further the housing of plaintiff in punitive segreg-

ation for twenty-three days after his return from a psychiatric

hospital; the delay in receiving replacement hearing aid batteries,

the unlawful and unjustified deprivation of plaintiff's right to

see mental health staff; the writing of a misbehavior report eleven

days after an incident and plaintiff had filed a grievance against

the defendant who authored the misbehavior report for harassment

; the denial tacit denial of plaintiff's numerous request for

protective cusotdy, were all motivated substantially by the

plaintiff engaging in constitutionally protected conduct. **Gill**

**v. Hoadley, 261 F.Supp.2d 113 (N.D.N.Y. 2003).**

The casual and unjustified dissemination of confidential medical/mental health information by defendant's to non-medical and mental health professionals as well as other prisoners is unconstitutional. **Doe v. Coughlin, 697 F.Supp. 1234, 37-38 (N.D.N.Y. 1988); Casey v. Lewis, 834 F.Supp. 1477, 1546 (D. Ariz. 1997) [Condeming sick call sysytem that required inmates to disclose medical problems in other inmates hearing]; and Nolley v. County of Erie, 776 F.Supp. 715 (W.D.N.Y. 1991).**

Finally as required by the Prison Litigation Reform Act of 1996 and the U.S. Supreme Court's decision in **Woodford v. Ngo, 126 S. Ct. 2378 (2006)** plaintiff has exhausted all available administrative remedies within the Department of Correctional Services, the New York State Office of Mental Health , and has filed complaints with the United States Department of Justice Disabilities Rights Section and the U.S. Department of Health and Human Services Office for Civil Rights. see **Hemphill v. New York, 380 F.3d 680, 686, 688 (2nd Cir. 2004); and Giano v. Goord, 380 F.3d 670 (2d Cir. 2004).**

On it's face this is a meritorious case.

**CONCLUSION:**

For the foregoing reasons, the Court should grant the plaintiff's application for appointment for counsel in this case.

Dated: March 3^{ed},2007
      Alden, N.Y.

Respectfully submitted,

Matthew J. Matagrano
Plaintiff Pro-Se

# TRACIE A. SUNDACK & ASSOCIATES, L.L.C.
## ATTORNEYS AT LAW

19 COURT STREET
THIRD FLOOR
WHITE PLAINS, NEW YORK 10601

TRACIE A. SUNDACK

JEFFREY R. POLLACK
ALBERT PIZZIRUSSO

WEB: SUNDACKLAW.COM

TEL: (914) 946-8100
(212) 267-8400
FAX: (914) 946-9585

January 23, 2007

Mr. Matthew John Matagrano
DIN #: 04-A-5883
Wende Correctional Facility
3040 Wende Road
Box 1187
Alden, New York   14004-1187

Re:      Your Claim

Dear Mr. Matagrano:

Pursuant to your correspondence, please be advised that after careful consideration of the matter you discussed in your letter to my office, I will be unable to represent you.

This does not mean that you do not have a viable claim.  I, therefore encourage you to seek an attorney specializing in medical malpractice immediately to assist you in this matter.

Thank you for your interest in my firm.  If, in the future, we can be of assistance, please do not hesitate to contact us.

Very truly yours,

Tracie A. Sundack

TAS/sr
Enclosures

**WILLIAM J. ROLD, ESQ.**
ATTORNEY AT LAW
30 VESEY STREET, SUITE 1803
NEW YORK, NEW YORK 10007
(212) 577-1177

FAX: (212) 732-4923
E-MAIL: wjroldesq@verizon.net

December 1, 2006

Matthew Matagrano
04-A-5883
Wende Correctional Facility
304 Wende Road
Alden, NY 14004

Dear Mr. Matagrano:

  I received your letter.  Unfortunately, I am not currently accepting new cases of this type in Upstate and Western New York.  I have a couple of suggestions: you can ask Judge Hurd to appoint counsel; and you can contact the plaintiffs' attorneys in the *Clarkson* case before Judge Sweet and ask them to help you (I do no have their address, but you could probably get it from Judge Sweet's office or the federal Clerk of Court in Manhattan).

  Finally, you can contact someone I know who specializes in the special needs of prisoners with hearing loss.  I will pass your letter on to this person, if you wish me to do so.  If you do, send me a letter authorizing me to forward your concerns to this person.

  I am sorry I cannot help you further

Very truly yours,

William J. Rold

WJR/bd

**Katten**

Katten Muchin Rosenman LLP

November 29, 2006

LEGAL MAIL

Matthew J. Matagrano
04-A-5883 – B99-10
Wende Road P.O. Box 1187
Alden, New York 14004-1187

Dear Mr. Matagrano:

We are in receipt of your request to Katten Muchin Zavis Rosenman LLP for per bono legal assistance. Unfortunately, our firm will not be able to provide you with such assistance. This determination on our part does not represent any evaluation of the merits of your legal claim.

Katten Muchin Rosenman LLP

Matthew John matagrano
04-A-5883
Wende Correctional
3040 Wende Road
Alden, New York 14004

November 27, 2006

Andrew F. PLase, PC
Attorney At Law
352 7th Avenue
New York, N.Y. 10001

Re: ADA Complaint

    Matagrano v. Miles, et. al;
    05-CIV-1459 (DNH) (RFT)
    U.S.D.C.- Northern District of New York

Dear Mr. Plasse:

        I am writing to your office with sincere hope that you may be of some assistance and or advice. I am bi-laterally hearing impaired and suffer from a severe mental illness since the age of seven. Currently I am confined at the Wende Correctional Facility, with an expected release date of June 30, 2007. My crime of committment is Attempted Burgulary 3, for which I received an indeterminate sentence of 2-4 years.

        On November 21, 2005, I filed a civil rights action in the above Court under the American's With Disabilities Act of 1990; Section 504 of the Rehabiliation Act of 1973 and ; 42 U.S.C. Section 1983. In the complaint I have alleged federal constitutional violations for the denial of reasonable accommodations for my hearing impairment (ie., telephone amplification, hearing aid batteries, closed caption television, preferred seating, shake awake alarm and t-coil induction loop); for denail of adequate medical care for serious medical needs(oral surgery, and inflamed external bleeding hemmroids); for breaching medical confidentiality in the special housing unit; for the denial of adequate psychiatric care during my three inpatient admissions to the Central New York Psychiatric Center (9/8-12/2/05, 2/22-4/11/06, and 7/6-10/16/06) ; For failure to protect from foreseeable harm; for retaliation for filing grievance complaints; and for being assaulted by two male staff members at the Central New York Psychiatric Center. As defendants I have named the New York State Office of Mental Health , the New York State Department of Correctional Services and twelve employees of both these agencies.

Page -2-

As required by the Prison Litigation Reform Act of 1996, I have exhausted all available administrative remedies and have filed complaints with the U.S. Department of Justice Disability Rights Section and the U.S. Department of Health and Human Services-Office for Civil RIghts. As of this date I have not been able to obtain a mutually agreeable resolution to my grievances.

I have requested injunctive, declaratory, and monetary damages. On September 5, 2006, my second amended complaint was docketed and on October 24, 2006, the civil summons against the fourteen defendants was issued.

Further, I believe that the defendant's are in contempt of a consent judgment issued by Judge Robert W. Sweet, in the Southern District in 1996. The case was Clarkson v. Goord, 91-CV-1792 (RWS), both Corrections and the Office of Mental Health agreed to provide services for the deaf and hard of hearing.

Any assistance and or advice that you can offer would greatly be appreciated. If you're unable to assist, please refer to another attorney that may be willing to accept representation in this case. If you would like to review any documentation or have any questions please do not heatitate to ask. I thank you in advance for your time, concern, and consideration of my request. I look forward to hearing from you in the near future. I am;

Very Truly Yours,

Matthew J. Matagrano
04-A-5883

cc: file



| **Lesbian, Gay, Bisexual and Transgender Law Association of Greater New York, Inc** |

November 22, 2006

**LEGAL MAIL**

Matthew Matagrano #O4A5883
Wende Correctional Facility
Wende Rd, PO Box 1187
Alden, NY 14004-1187

Dear Mr. Matagrano :

We have recently received your letter concerning your case.

LeGaL is a professional association of the LGBT legal community in the New York City metropolitan area.  We provide free community legal information clinics,  but otherwise do not offer any kind of direct legal service. We do not have any prison representation project, and in any event do not have resources to provide direct legal services or representation in litigated matters.

Below are four groups which you may want to contact to see if they can assist you or give you further referrals.

New York LeGaL Assistance Group
They only give out a phone number to contact
212-613-5000 x3

Center for Constitutional Rights
666 Broadway
New York, NY 10012

ACLU National Prison Project
125 Broad Street, 18th Fl
New York, NY 10004

Prisoners' Legal Services of New York
210 Franklin Street #500
Buffalo, NY 14202

Sincerely,

Daniel Schaffer

*799 Broadway #340, New York, NY  10003 * 212-353-9118*
*Email: le-gal@earthlink.net * Homepage: www.le-gal.org*



199 WATER STREET  NEW YORK, N.Y. 10038  TEL: 212-577-3530  FAX: 212-509-8433  www.legal-aid.org

*President*

Steven Banks
*Attorney-in-Chief*

John Boston
*Project Director*
*Prisoners' Rights Project*

November 8, 2006

Matthew Matagrano
04-A-5883
Wende Correctional Facility
P.O. Box 1187
Alden, New York 14004

Dear Mr. Matagrano:

I write in response to your letter seeking representation in your lawsuit about lack of accommodations and other problems at CNYPC. I apologize for the delay in writing to you; it can be difficult to reach prisoners who are transferred between CNYPC and a state prison because the mail is generally not forwarded.

It is not likely that this office can represent you in your litigation. This is not because we have made a judgment about the merits of your case but because of our lack of resources. We are generally unable to represent clients in their individual lawsuits, but instead represent prisoners in class actions and engage in informal advocacy.

I am not sure whether you are familiar with the Clarkson v. Goord Consent Judgment, so I have enclosed a copy of it for you. The Judgment was issued by Judge Sweet in the Southern District of New York in a class action lawsuit on behalf of deaf and hard of hearing prisoners in New York State. The Consent Judgment requires DOCS and OMH to provide certain accommodations to prisoners. This may be of assistance to you in your lawsuit. I have also enclosed another case decided by Judge Sweet (Figueroa v. Dean) in which the court found that a case raising claims of contempt of the Clarkson Consent Judgment as well as other related claims was properly brought before him because he was the original Judge in the Clarkson case. I tell you this because it may be that your case raises claims for contempt (I do not know whether it does, but from your brief description it sounds like you may have such claims). I hope you find these materials useful.

Finally, I would be interested in looking at copies of your grievances and description of the problem at CNYPC. If staff there are not following the Clarkson Judgment, I would like to know more about it so that I may address any lack of compliance by OMH with their obligations under Clarkson. Also, it would be useful to see a recent audiogram or some other documentation of the extent of your hearing loss.

Very truly yours,

Betsy Ginsberg
Staff Attorney

LEGAL DEPARTMENT
NATIONAL PRISON
PROJECT

ACLU

AMERICAN CIVIL LIBERTIES UNION

FOUNDATION

AMERICAN CIVIL
LIBERTIES UNION FOUNDATION

PLEASE RESPOND TO:
NATIONAL PRISON PROJECT
915 15TH STREET, NW
7TH FLOOR
WASHINGTON, DC 20005-2112
T/202.393.4930
F/202.393.4931
WWW.ACLU.ORG

ELIZABETH ALEXANDER
DIRECTOR
ATTORNEY AT LAW

NATIONAL OFFICE
125 BROAD STREET, 18TH FL.
NEW YORK, NY 10004-2400
T/212.549.2500

OFFICERS AND DIRECTORS
NADINE STROSSEN
PRESIDENT

ANTHONY D. ROMERO
EXECUTIVE DIRECTOR

RICHARD ZACKS
TREASURER

Dear Friend:

We know that prisoners have great difficulty getting help and regret that we cannot do more than provide you a list of groups that try to help prisoners in your state, and some general information about the issue you describe in your letter. The National Prison Project receives about 1,000 letters each month from prisoners across the country, many of which describe urgent legal needs such as yours. We wish we could help all of the prisoners who write to us, but our resources are very limited. Because we have only six lawyers on staff, we are able to take only a small fraction of the cases we would like to take.

Thank you for contacting the National Prison Project and I hope the information we provided will help you. We are returning your materials. Due to the large amount of letters we receive, we will be unable to respond to this complaint in the future.

We encourage you to continue to advocate for yourself in whatever way that you can and we wish you all the best.

Sincerely,

Elizabeth Alexander
Director



**NEW YORK CITY BAR**

**LEGAL REFERRAL SERVICE**

Allen Jay Charne
Executive Director
acharne@nycbar.org

Telephone:    212-382-6775
Fax:              212-575-5676
Referral line:  212-626-7373

Clara Schwabe
Managing Attorney

September 26, 2006

Matthew John Matagrano
C# 183762
Central New York Psychiatric Center
P.O. Box 300 Old River Road
Marcy, NY  13403-0300

Dear Mr. Matagrano:

In response to your letters dated September 15th, 2006 and September 20th, 2006, please note that this office does not provide legal services but, rather, makes referrals to attorneys, all of whom charge fees for their services. Referrals are generally made for serious legal problems in the New York City area.

At this time we do not have a lawyer to suggest to you based upon the information in your letter. You may wish to contact the following agencies:

**Prisoners' Rights Project of Legal Aid**
90 Church Street
New York, NY 10007
Telephone: (212) 577-3530

**Office for People with Disabilities**
100 Gold Street, 2nd Floor
New York, NY 10038
Telephone: (212) 788-2830
TTY/TDD Phone: (212) 788-2842

**Prisoners' Legal Services of New York**
301 South Allen Street
Albany, NY 12208
Telephone: (518) 438-8046
Fax: (518) 438-6643
Managing Attorney: Jim Bogin

114 Prospect Street
Ithaca, NY 14850
Telephone: (607) 273-2283
Fax: (607) 273-2858
Managing Attorney: Betsy Hutchings

Sincerely,

Pauloma Martinez

*Legal Referral Service*
*Association of the Bar of the City of New York*
*42 West 44ᵗʰ Street*
*New York, NY 10036*
*Telephone: (212) 382-4716*
*Email: pmartinez@nycbar.org*

**MENTAL HEALTH ASSOCIATION OF ONONDAGA COUNTY, INC.**

6493 Ridings Road, Suite 112
Syracuse, NY 13206
Tele. (315) 445-5606
Fax (315) 445-1828
http://www.mha-oc.org

**BOARD OF DIRECTORS**

**PRESIDENT**
**Gregg Phillips**
  Atlas Healthcare
  Linen Services

**VICE-PRESIDENT**
**Tim Hall**
  Hummel's Office Plus

**TREASURER**
**Wendhel Elias**
  Liberty Mutual

**SECRETARY**
**Sally Attridge**
  Prudential Real Estate
  First Properties

**Hon. Melissa Davis**
  NYS Division of Parole
**Robert Dracker, MD**
  Summerwood Pediatrics
**Otto Feliu, MS,CASAC**
  Crouse Hospital
**Prof. Stephen Maisto, PhD**
  Syracuse University
**Katharine Moore**
  Syracuse Newspapers
**Anne Marie Mullin, BS, MT**
  Laboratory Alliance of CNY, LLC
**Roslyn Rasberry**
  Consultant
**Joe Rossi**
  SEIU Local 200 United
**Mitzi Wolf, LCSW**
  Private Therapist

**OPERATIONS**

**EXECUTIVE DIRECTOR**
  **Stephen Butler, MAPA**

**ANGER MANAGEMENT**
  **Kathy Tryon, LCSW**
  **Joe Gerace, LCSW-R**

**ACCOUNTING SERVICES**
  **Gloria Kraegel**
  **Janet Rubleske**

**PROGRAM MANAGER**
  **Lori Perrault**

**SECRETARY**
  **Rosalie J. Schotanus**

**OFFICE SUPPORT**
  **Tracy Caldwell**
  **Leland Green**
  **Kara Greene**
  **Anne Lilly Hryrnyk**
  **Karen Lyskawa**

September 20, 2006

Matthew John Matagrano
C#183762
CNY Psychiatric Center
P.O. Box 300
Old River Road
Marcy, NY 13403-0300

Dear Matthew:

I am in receipt of your correspondence, dated September 15, 2006, requesting assistance. The Mental Health Association of Onondaga County is committed to promoting health through advocacy, education, and access to services. The primary method utilized to meet this commitment is Information and Referral.

I have reviewed the information provided within your correspondence, and I believe that the following offices may be able to assist you:

- Legal Aid Society, 351 S. Salina Street, Syracuse, NY, 13202 (315) 422-8191
- Legal Services of Central New York, 472 S. Salina Street, Syracuse, NY, (315) 475-3127
- NY Association of Psychiatric Rehabilitation Services, 1 Columbia Place, Albany, NY, 12207, (518) 436-0008
- Office of Mental Health, Central New York Field Office, Recipient Affairs, 545 Cedar Street, Syracuse, NY 13210-2319, (315) 426-3937

If you are in need of additional information/direction, please do not hesitate to contact me. I wish you the best of luck in your endeavor.

Sincerely,

Lori J. Perrault
Program Manager
MHA of Onondaga County

---

# LANSNER & KUBITSCHEK

ATTORNEYS AT LAW
325 BROADWAY - SUITE 201
NEW YORK, NEW YORK 10007
www.lansnerkubitschek.com
(212) 349-0900
FAX (212) 349-0694

CAROLYN A. KUBITSCHEK
DAVID J. LANSNER
CHRISTOPHER S. WEDDLE

JOY K. MELE
STACY E. CHARLAND
DARIUS CHARNEY
CHARLYNE BRUMSKINE PEAY

JILL M. ZUCCARDY
BARBARA J. SCHAFFER

OF COUNSEL
BARBARA WINTER, L.M.S.W.
SOCIAL WORKER

EULA K. TAYLOR
DANIA T. CORDOVA
DANIEL R. ROZZI
KATHERINE H. BUCKEL
LEGAL ASSISTANTS

September 18, 2006

LEGAL MAIL
PERSONAL AND CONFIDENTIAL
Matthew Matagrano
C# 183762   D# 04A5883
PO Box 300
Marcy, NY 13403-0300

Dear Mr. Matagrano:

I am writing to inform you that we will not be able to represent you in your damage action. Following is the address and phone number to the Legal Referral Service. You could either call or write to them, briefly explain what your situation is and they will refer you to several attorneys who possibly would handle this type of matter.

Legal Referral Service
42 West 44th Street
New York, NY 10036-6689

(212) 626-7373

Very truly yours,

David J. Lansner

David J. Lansner

DJL:mah



**Lambda**
LEGAL

Matthew Matagrano
C#183762 D#04A5883
Central New York Psychiatric Center
River Rd PO Box 300
Marcy, NY 13403-0300

September 12, 2006

Dear Matthew Matagrano,

Thank you for your letter to Lambda Legal. Lambda Legal is a national organization committed to achieving full recognition of the civil rights of lesbians, gay men, bisexuals, transgender people and those with HIV through impact litigation, education and public policy work.

The following are organizations that provides information and resources to people with mental health issues:
New York - MHA of Onondaga County, Inc.
6493 Ridings Road, Ste. 112-114
Syracuse, New York 13206

New York - MHA of Oswego County, Inc.
70 Bunner Street
Oswego, New York 13126

I hope these are helpful with your issues.

Sincerely,

*Richard Saenz*

Richard Saenz, Helpdesk Specialist
Lambda Legal
120 Wall Street, Suite 1500
New York, NY 10005
212.809.8585 x236

Lambda Legal: Making the Case for Equality

Lambda Legal Defense & Education Fund **National Headquarters** 120 Wall Street, Suite 1500 | New York, NY 10005-3904 | t. 212/809-8585 | f. 212/809-0055

# KOOB & MAGOOLAGHAN
*Attorneys at Law*

| | | | |
|---|---|---|---|
| SOUTH STREET SEAPORT | 19 FULTON STREET | SUITE 408 | NEW YORK, NEW YORK 10038 |

TELEPHONE: (212) 406-3095

FACSIMILE: (212) 349-4658

ELIZABETH L. KOOB
JOAN MAGOOLAGHAN
ALEXANDER A. REINERT

WESTCHESTER COUNTY OFFICE:
221 DEVOE AVENUE
YONKERS, NEW YORK 10705
TEL: (914) 964-8888

August 22, 2006

Matthew John Matagrano, 183762
Central New York Pschiatric Center
P.O. Box 300, River Road
Marcy, NY 13403-0300
<u>Re: Request for Representation</u>

Dear Mr Matagrano:

     Thank you for considering our firm to represent you in your legal matter, I regret to inform you that our firm will be unable to assist you. This decision does not reflect the merits of your claims; rather, it is based upon the limited resources of this firm and the present demands of our case load. However, we do recommend Betsy Ginsberg, Legal Aid Society, Prisoners Rights Project, 199 Water Street, New York, NY 10038.

Please find enclosed returned to you the documents you forwarded for our review.

Good luck in your pursuit.

Sincerely,

Zenida Gonzalez,
Paralegal

Enc.

**PRISONERS LEGAL SERVICES OF NEW YORK**

107 Delaware Avenue, Suite 1360
Buffalo, New York 14202
Telephone: (716) 854-1007
Fax: (716) 854-1008

*Alba Susan Johnson*
*Executive Director*

*Patricia J. Warth*
*Managing Attorney*

August 16, 2006

**CONFIDENTIAL LEGAL MATERIAL**

Matthew Matagrano, DIN 04-A-5883
Central New York Psychiatric Center
Old River Road, Box 300
Marcy, NY 13403

Dear Mr. Matagrano:

We write to provide you with a status update on your file. Donald Selsky affirmed the decision in the Tier III hearing completed April 25, 2006. With respect to your placement upon release from CNYPC, we have advocated that you be placed in ICP at that time. We have also spoken with Ms. Drake about that recommendation. Please notify us when you are released from CNYPC and tell us where you have been placed; if necessary, we can then continue to advocate for your placement in a safe environment, whether it is protective custody or ICP, where you can continue to receive mental health treatment.

Due to the limited resources of our office and that your CR date is only four months away we can not assist you with your civil rights claim under the ADA. This is not a judgment of the merits of your case and we encourage you to seek legal counsel with respect to the matter.

Please take care of yourself.

Very truly yours,

John Ratrick Feroleto
Legal Intern

Elizabeth Harned
Staff Attorney

# LEGAL AID SOCIETY OF MID-NEW YORK, INC.

255 Genesee Street, Second Floor
Utica, New York 13501
Tel:  (315) 732-2131
Toll Free:  (877) 203-1062
Fax:  (315) 732-3202
(All telephones are V/TDD equipped)

**LSC**
Funded in part by the Legal Services Corporation

**United Way**

**Reply to:**
Utica Office

Robert B. Salzman, Esq.
Executive Director

July 25, 2006

Matthew J. Matagrano, DIN# 04-A-5883 G-37-12
Wende Correctional Facility
3040 Wende Road
P.O. Box 1187
Alden, New York 14004-1187

Dear Mr. Matagrano:

We are in receipt of your letter.  Please be advised that we cannot handle this type of case for you.  I suggest you contact:

Mental Hygiene Legal Services
207 Genesee Street
Utica, New York 13501
Tel: (315) 793-2370

Prisoners' Legal Services of New York
301 South Allen Street
Albany, New York  12208
Tel:  (518) 438-8046.

For your convenience, I am returning your original letter.

Very truly yours,

**LEGAL AID SOCIETY OF MID-NEW YORK, INC.**

By: _Robert B Salzman_ /ny

Robert B. Salzman
Executive Director

RBS:nsg
Enc.

| **Binghamton Office:** | **Cortland Office:** | **Oneonta Office:** | **Oswego Office:** | **Syracuse Office:** | **Watertown Office:** | **Farmworker Law Project:** |
|---|---|---|---|---|---|---|
| 30 Fayette Street | 111 Port Watson St. | 387 Chestnut Street | 108 W. Bridge St. | 472 S. Salina St., Suite 300 | 44 Public Square | 52 South Manheim Blvd. |
| Binghamton, NY 13901 | Cortland, NY 13045 | PO Box 805 | Oswego, NY 13126 | Syracuse, NY 13202-2498 | Watertown, NY 13601 | New Paltz, N.Y. 12561 |
| Tel: (607) 723-7966 | Tel: (607) 753-1134 | Oneonta, N.Y. 13820 | Tel: (315) 342-2191 | Tel: (315) 475-3170 | Tel: (315) 788-2072 | Tel: (845) 256-9096 |
| Fax: (607) 724-7211 | Fax: (607) 753-7257 | Tel:     (607) 433-2600 | Fax: (315) 342-1891 | Fax: (315) 475-2706 | Fax: (315) 785-9118 | (800) 804-8575 |
| | | Fax:     (607) 433-1433 | | | | Fax: (845) 256-0494 |
| | | Toll Free:  (800) 821-9895 | | | | |



# The Correctional Association of New York

Founded in 1844

### *160 Years as a Force for Progressive Change in the Criminal Justice System*

July 5, 2006

**Board of Directors**

*Chair*
John M. Brickman

*Vice Chairs*
Catherine M. Abate
Gail Allen, M.D.
Ralph S. Brown, Jr.
Clay Hiles
Alexander Papachristou
James D. Silbert
Joan Steinberg
Gregg A. Walker

*Treasurer*
Peter Swords

*Secretary*
Seymour W. James, Jr.

*Directors*
Barbara J. Berg
Wilhelmus B. Bryan III
Constance P. Carden
Gregory L. Curtner
Le Roy Davis
William J. Dean
Lourdes Falco
Nereida L. Ferran, M.D.
Leroy Frazer, Jr.
Richard Girgenti
Richard M. Gutierrez
Elizabeth B. Hubbard
Ricky Jones
Ann E. Lewis
Michael B. Mushlin
Frederik R-L Osborne
John S. Prescott, Jr.
Meile Rockefeller
Hon. Felice K. Shea
David D. Troutt
Katrina vanden Heuvel
William J. vanden Heuvel
Jan Warren
Basil Wilson
Rev. Alfonso Wyatt

**Staff**

Robert Gangi
*Executive Director*

Jack Beck
*Director*
*Prison Visiting Project*

Mishi Faruqee
*Director*
*Juvenile Justice Project*

Susan Gabriel
*Director of Development*

Tamar Kraft-Stolar
*Director*
*Women in Prison Project*

Laura A. Davidson
*Office Manager*

Matthew Matagrano
DIN: 04A5883
Wende C.F.
P. Box 1187, 3622 Wende Rd
Alden, NY 14004-1187

Dear Mr. Matagrano:

The Correctional Association is a research and advocacy organization that works for a more humane and just prison system. We have legislative authority to enter prisons and report on conditions of confinement. We visit prisons monthly, meet with inmates, correction officers and officials, and report our findings to the Commissioner and relevant legislators. While we do not have the authority to mandate changes within the system, we engage in public education and other advocacy strategies to promote systemic improvements.

Although we regret that we do not have the resources to provide individual legal advocacy, letters from inmates regularly inform our work and provide us with a more complete understanding of conditions on the inside. If you continue to seek legal assistance, you may want to contact the following organizations:

Prisoners' Legal Services (PLS)
114 Prospect Street, Room 307
Ithaca, NY 14850

Legal Aid Society
Prisoners' Rights Project
199 Water Street
New York, NY 10038

Additionally, if you would like to initiate an official investigation into your treatment, you can contact the Inspector General's office at:

Inspector General
Harriman State Campus
1220 Washington Avenue
Albany, NY 12226-2050

We wish you the best of luck.

Very truly yours

Rachelle D. Veasley
Intern, Prison Visiting Project

# DISABILITY ADVOCATES, INC.

5 CLINTON SQUARE, THIRD FLOOR
ALBANY, NEW YORK 12207-2201
(518) 432-7861 (VOICE AND TTY)
(518) 427-6561 (FAX)

EXECUTIVE DIRECTOR:
CLIFF ZUCKER, ESQ.

MANAGING ATTORNEY:
TIMOTHY A. CLUNE

SECRETARY/BOOKKEEPER:
JODI HOVIOUS

SENIOR STAFF ATTORNEY:
SIMEON GOLDMAN

STAFF ATTORNEYS:
ROGER A. BEARDEN
NINA LOEWENSTEIN
JENNIFER MONTHIE

May 31, 2006

Matthew Matagrano
Wende C.F.
P.O. Box 1187
Alden, N.Y. 14004-1187

Dear Mr. Matagrano:

This office received your complaint about lack of reasonable accommodation at CNYPC, and your lack of confidential mental health treatment at Wende. As to your court complaint, I encourage you to write to Legal Services of Central New York, Inc. 472 S. Salina St., Suite 300, Syracuse N.Y. 13202. That program handles physical disability issues in Central New York; we do not cover that region. If they do not have the resources to represent you in your lawsuit, you should ask the court clerk about the possibility of assigning you counsel.

I am willing to follow up on your complaint concerning lack of cell-side interviews, if you would please send me the papers concerning the complaint that you made to DOCS (your grievance, their response, your appeals, Central Office's response). What I will do is send the complaint to the central OMH administration and to CNYPC. We also can bring up the problem in the context of the statewide prison mental health litigation, Disability Advocates vs. OMH et al. I do not have time to do more than that, e.g., to file another lawsuit on your behalf. But I certainly can write a letter for you also because it is in the interest of other inmatesd with mental illness at Wende.

I look forward to hearing from you again on the Wende mental health matter.

Yours truly,

Nina Loewenstein
Staff Attorney

PROVIDING PROTECTION AND ADVOCACY SERVICES TO PERSONS WITH DISABILITIES



**BAZELON CENTER FOR MENTAL HEALTH LAW**

*Civil Rights and Human Dignity*

BOARD OF TRUSTEES

Nikki Heidepriem, *Chair*
*Heidepriem & Mager*
*Washington DC*

Anita Allen-Castellitto
*University of Pennsylvania*
*Law School*

David B. Apatoff
*Arnold & Porter, Washington DC*

Eileen A. Bazelon, MD
*Department of Psychiatry*
*Drexel University*

Robert A. Burt
*Yale Law School*

Jacqueline Dryfoos
*New York NY*

Kenneth R. Feinberg
*The Feinberg Group*
*Washington DC*

Elliot F. Gerson
*Aspen Institute*

Howard H. Goldman, MD
*Department of Psychiatry, University*
*of Maryland School of Medicine*

Emily Hoffman
*On Our Own Maryland*

C. Lyonel Jones
*Legal Aid Society of Cleveland*

Ruth Luckasson
*Department of Educational Specialties*
*University of New Mexico*

Jacki McKinney
*National Association of People of*
*Color Consumer/Survivor Network*

Martha L. Minow
*Harvard Law School*

Stephen J. Morse
*University of Pennsylvania*
*Law School*

Joseph G. Perpich
*JG Perpich LLC, Bethesda MD*

Paul Recer
*Science and medical journalist*
*Washington DC*

Harvey Rosenthal
*New York Association of*
*Psychiatric Rehabilitation Services*

W. Allen Schaffer, MD
*Hartford, CT*

Cynthia M. Stringer
*Washington Group International*

Martin Tolchin
*Journalist and author*
*Washington D.C.*

H. Rutherford Turnbull, III
*Beach Center on Disability*
*University of Kansas*

Sally Zinman
*California Network of*
*Mental Health Clients*

TRUSTEE EMERITA

Mary Jane England, MD
*Regis College*

HONORARY TRUSTEE

Miriam Bazelon Knox
*Washington DC*

EXECUTIVE DIRECTOR

Robert Bernstein, PhD

*Affiliations listed for information only*

May 16, 2006

M. Matagrano #04A5883
Wende Correctional Facility
Wende Road, POB 1187
Alden, NY 14004-1187

Dear Mr. Matagrano:

In response to your inquiry, the Bazelon Center is not able to handle requests for information or assistance. However, protection and advocacy systems in each state are federally funded to assist people with mental illnesses or developmental disabilities in understanding and asserting their rights. You can find the address of the P&A in your area on the website of their national association, http://www.napas.org/aboutus/PA_CAP.htm; or call the National Alliance for the Mentally Ill at 1-800-950-NAMI (6264).

For additional state advocacy resources, see the list of links on the Bazelon Center's website, at http://www.bazelon.org/links/index.htm.

If you do not have access to the internet, you may call the National Disability Rights Network at (202) 408-9514 or to send a fax # (202) 408-9520. You may also send a letter to this address; 900 Second Street, NE, Suite 211, Washington, DC 20002, and they will provide you with a referral in your state.

Sincerely,

Administrative Assistant

Enclosures

1101 15th Street NW, # 1212, Washington DC 20005-5002 ◆ 202/467-5730 ◆ TDD 202/467-4232 ◆ fax 202/223-0409 ◆ info@bazelon.org ◆ www.bazelon.org



**LEGAL ACTION CENTER**

Dear Sir/Madame,

Thank you for your letter.  Due to the large volume of mail we receive, we are unable to answer it personally, but hope that this letter and the materials we enclose will address your concerns.

The Legal Action Center is a public interest law firm that works in the following areas:

- Helps individuals with criminal records; clean up their NYS rap sheets and advises them about employment, housing and other types of discrimination,

- Provide help to people who have experienced discrimination because of a history of drug/alcohol abuse,

- Helps New Yorkers with HIV/AIDS with a variety of problems, including violation of HIV confidentiality and discrimination.

We **do not** handle the following types of cases:

- Criminal cases, including post conviction appeals and probation/parole problems.  For these matters, contract your Legal Aid lawyer or public defender.

- Prison conditions, you may be able to receive help from Prisoner's Legal Services (PLS), but due to severe funding cuts, they are offering only limited services.  Enclosed is a list of offices.  Or, for a referral to a private attorney, you may contact:

> New York State Bar Association
> 1 Elk Street
> Albany, NY 12207
> (518) 463-3200

**If you have concerns about prison conditions for people with HIV,** you might get help from:

**(1) Osborne Association**         **(2) ARCS**
AIDS in Prison Project         (800) 992-1442
809 Westchester Avenue
Bronx, NY 10455
(718) 378-7022 – (call Tues., Wed. and Thurs. from 3-8.  You may call collect)

**If you requested our publication,** How to Get and Clean Up your New York State Rap Sheet, New York State Occupational Licensing Survey, or Employment Discrimination and What to do About It, we have sent copies to your prison law library and/or Pre-Release Center.  White we are unable to send copies to individuals, these publications can be downloaded fro our website, www.lac.org (click on "Publications" – "Free Publications" – "Criminal Justice").  If you asked us a question about your rap sheet, please look in How to Get and Clean Up your New York State Rap Sheet.  It should address most of your questions.

# LEGAL SERVICES OF CENTRAL NEW YORK, INC.
**MAIN OFFICE: 472 SOUTH SALINA STREET, SUITE 300**
**SYRACUSE, NEW YORK 13202**

**TELEPHONE (315) 475-3127**
**STATEWIDE TOLL-FREE (866) 475-9967**
**FAX (315) 475-2706**

**TTY (FOR SPEECH/HEARING IMPAIRED) (315) 475-3120 OR (866) 475-3120**

May 15, 2006

**LEGAL MAIL**
Matthew J. Matagrano
DIN #04-A-5883
Wende Correctional Facility
3040 Wende Road, PO Box 1187
Alden, New York  14004-1187

Dear Mr. Matagrano:

      We recently received your request for legal assistance.  Legal Services of Central New York represents clients in a thirteen county area in Central New York.  Since you do not reside in one of those counties, we cannot offer you assistance.

      I regret that we cannot help you.

              Sincerely,
              LEGAL SERVICES OF CENTRAL
              NEW YORK, INC.

              Dennis A. Kaufman
              Executive Director

DAK:lad

# Prisoners' Legal Services of New York
### CENTRAL INTAKE UNIT
114 Prospect Street
Ithaca, New York 14850
Tel. (607) 273-2283
FAX (607) 272-9122

Jerry Wein
**Executive Director**

Patience E. Schermer
**Managing Attorney**

November 8, 2005

Matthew Matagrano
04-A-5883
P.O. Box 300
Marcy, NY 13403-0300

Dear Mr. Matagrano:

This letter is in response to your recent letter requesting assistance. We will not be able to provide you with assistance because the problem you raised is not the type of matter PLS is able to handle at this time. If we have any client education materials that relate to your request, we are enclosing those materials with this letter. If you sent any documents with your letter, we are returning them to you with this letter.

At this time, the only new requests for assistance which PLS is able to accept are the following:

* Tier III Hearings: challenges to disciplinary Tier III hearings where the disposition is 18 months or more of SHU time and/or loss of good time or if the disposition may immediately affect the prisoner's release.

* Medical Care: claims of inadequate treatment for a serious medical need.

* Mental Health: claims of inadequate treatment for a serious mental health need.

* Excessive Use of Force: claims of a recent excessive use of force by correctional staff which resulted in serious injury.

* Sexual Abuse: claims of sexual abuse by correctional staff.

* Jail Time: claims for jail time credit of 90 days or more of additional credit.

* Sentence Issues: claims that the length of a sentence was improperly calculated by DOCS or that DOCS is holding the prisoner beyond her/his proper release date.

If you have an open case being handled by PLS staff in one of the regional offices, you should write directly to that staff person. All new requests for legal assistance from all prisons are handled through the Central Intake office. If you write directly to a regional PLS office requesting help on a new

legal matter, the regional office staff will forward your letter to Central Intake for a response. This will delay PLS' response to your request.

We regret that we are unable to provide you with assistance. Please contact us if you need assistance with a legal matter which falls within the areas PLS is currently handling.

Sincerely,

Barb Davies
Intake Specialist

PS: You will have to continue to work with the medical and mental health staffs at CNYPC regarding the medication and hearing aid issues you wrote about.

Enc.: <u>Booth</u> Notice



**Lambda**
L E G A L

June 28, 2005

Dear Matthew Matagrano,

Thank you for your letter to Lambda Legal.

Lambda Legal is a national organization committed to achieving full recognition of the
civil rights of lesbians, gay men, bisexuals, transgender people and those with HIV
through impact litigation, education and public policy work.

From your letter, it seems that at this stage you would be best served by a prisoners'
advocacy expert. This type of advocacy is beyond the scope of Lambda's work and
resources.

Enclosed are copies of listings from the Prisoners' Assistance Directory, published by
the National Prison Project.

The staff attorney recommends that you contact the ACLU National Prison Project
directly. Their address is
733 15th Street NW, Suite 620
Washington, DC 20005.

We sincerely hope that your situation is resolved quickly and favorably.

Sincerely,

Richard Saenz, Help Desk Specialist
Lambda Legal
120 Wall Street, Suite 1500
New York, NY 10005
212.809.8585 x236
rsaenz@lambdalegal.org

# DISABILITY ADVOCATES, INC.

5 CLINTON SQUARE, THIRD FLOOR
ALBANY, NEW YORK 12207-2201
(518) 432-7861 (VOICE AND TTY)
(518) 427-6561 (FAX)

EXECUTIVE DIRECTOR:
CLIFF ZUCKER, ESQ.

MANAGING ATTORNEY:
TIMOTHY A. CLUNE

SECRETARY/BOOKKEEPER:
MICHELE MAHAR

SENIOR STAFF ATTORNEY:
SIMEON GOLDMAN

STAFF ATTORNEYS:
ROGER A. BEARDEN
NINA LOEWENSTEIN
JENNIFER MONTHIE

April 21, 2005

Matthew Matagrano, #04-A-5883
Elmira C.F.
P.O. Box 500
Elmira, NY 14902

Dear Mr. Matagrano:

Thank you for your recent letter.  I suggest you contact Prisoners' Legal Services of New York regarding your complaints.  They may be reached as follows:

> Prisoners' Legal Services of New York
> 114 Prospect Street
> Ithaca, NY 14850
> Attn:   Central Intake

You may also wish to submit a grievance regarding your situation.  This will be important if you should ever decide to file a lawsuit.

Thank you for contacting Disability Advocates, Inc.

Sincerely yours,

Roger Bearden

<u>AFFIDAVIT OF SERVICE</u>   O5-cv-1459 (DNH) (RFT)

STATE OF NEW YORK)
                          : s.s.:
COUNTY   OF ERIE)

I, _Matthew John Matagrano_ being duly sworn deposes and says:

1.   I am over 18 years of age and reside at the Wende Correctional Facility, located at 3622 Wende Road, Alden, New York, 14004-1187.

2.   On the _3_ day of _March_ , 20_07_ , I placed and submitted a true and exact copy of the within documents which consists of : _NOTICE OF MOTION TO APPOINT COUNSEL; AFFIDAVIT IN SUPPORT; MEMORANDUM OF LAW; AND EXHIBTS_ in a properly sealed post paid wrapper and deposited same in an official depository under the exclusive care and control of the United States Postal Services, within the State of New York Department of Correctional Services,   addressed to the following parties:

_Senta B. Siuda, Esq_
_Assistant Attorney General_
_Syracuse Regional Office_
_615 Erie Blvd, West Suite 102_
_Syracuse, N.Y. 13204_

Respectfully submitted,

-signature-
Matthew John Matagrano, 04A5883
Plaintiff Pro-se

Sworn to before me this

_3_ day of _March_, 20_07_

_M. Jacquelyen Kennedy_
=NOTARY PUBLIC=
M. JACQUELYEN KENNEDY
Notary Public, State of New York
Qualified in Erie County
2010