UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
.............................................................................
MATTHEW JOHN MATAGRANO,

                                 Plaintiff,

    -v.-                                                9:05-CV-1459
                                                          [DNH][RFT]
REGINA MILES; ROBERT CARR; ANN
ANDZEL, *et al.*,

                                 Defendants.
.............................................................................

APPEARANCES:                            OF COUNSEL:

FOR THE PLAINTIFF:

MATTHEW JOHN MATAGRANO
Plaintiff, *pro se*
04-A-5883
Wende Correctional Facility
P.O. Box 1187
Alden, NY 14004

FOR THE DEFENDANTS:

HON. ANDREW M. CUOMO             SENTA B. SIUDA, ESQ.
Attorney General of the State of New York   Assistant Attorney General
615 Erie Boulevard West
Suite 102
Syracuse, NY 13204


RANDOLPH F. TREECE, MAGISTRATE JUDGE

# ORDER

    Presently before this Court is an Application by Plaintiff for Appointment of Counsel. Dkt. No. 41. Such Application indicates that Plaintiff has been unsuccessful in his efforts to obtain *pro bono* counsel on his own, thus, this Court may properly consider the present request.

Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion. As a threshold matter, the court should ascertain whether the indigent's claims seem likely to be of substance. If so, the court should then consider:

> The indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 61).

A review of the file in this matter reveals that the issue in dispute herein – whether Plaintiff has been denied proper accommodations and medical care for his hearing impairment and psychiatric disorder – is not overly complex. Further, it appears to the Court as though, to date, the Plaintiff has been able to effectively litigate this action. While it is possible that there will be conflicting evidence implicating the need for cross-examination at the time of the trial of this matter, as is the case in many actions brought under 42 U.S.C. § 1983 by *pro se* litigants, "this factor alone is not determinative of a motion for appointment of counsel." *Velasquez*, 899 F. Supp. at 974. Finally, this Court is unaware of any special reason why appointment of counsel at this time would be more likely to lead to a just determination of this litigation. The Court therefore finds that, based

upon the existing record in this case, appointment of counsel is unwarranted. Plaintiff may only file another motion for appointment of counsel in the event he can demonstrate that, in light of <u>specific</u> changed circumstances, consideration of the above factors warrants the granting of such an application.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Motion for Appointment of Counsel (Dkt. No. 41) is **DENIED** without prejudice to renew as noted above; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated:   June 4, 2007
             Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge